SLYFIELD v. HEALY.

(*Circuit Court, N. D. Iowa, C. D.* January Term, 1886.)

1. TAX SALE—PERIOD FOR REDEMPTION—NOTICE OF EXPIRATION—AFFIDAVIT OF SERVICE—LIMITATION.
    Before the issuance of a county treasurer's deed of lands sold for taxes an affidavit that notice had been given to the owner of the expiration of the period for redemption was filed, which was defective in that the seal of the notary was not attached to the jurat. *Held,* that the defect was capable of being remedied, and that the lapse of five years would operate as a bar to question the validity of the deed, under Code Iowa, § 902, providing that "action for the recovery of real property sold for non-payment of taxes must be brought within five years from the execution of the treasurer's deed."

2. SAME—ACTION FOR REDEMPTION—LIMITATION.
    Code Iowa, § 902, providing that an action for the recovery of real estate sold for non-payment of taxes must be brought within five years from the execution of the treasurer's deed, cannot be set up as a defense to an action for redemption from a tax sale, where notice of the expiration of the period of redemption has not been given to the actual owner of the land as required by Code, § 894.

In Equity. Bill to redeem certain realty from tax sale, and to quiet title.

*A. F. Call* and *Geo. E. Clarke,* for complainant.

*Wright & Farrell,* for defendant.

SHIRAS, J. Complainant seeks in this cause a decree to the effect that he is entitled to redeem two pieces of realty from tax sales, and prays that the tax deeds executed by the treasurer of Palo Alto county be set aside, and complainant's title be quieted thereto. The case is submitted on a stipulation setting forth the facts, from which it appears that complainant is the owner of the fee title to the S. W. ¼ of N. W. ¼ of section 11, town-

ship 97 N., of range 31 W., of fifth principal meridian, and the N. W. ¼ of S. W. ¼ of section 32, township 94 N., of range 31 W., of fifth principal meridian. To the first-described piece the defendant holds a tax deed, executed by the treasurer of Palo Alto county on the twenty-eighth day of April, 1879, and duly filed for record on the twenty-fourth day of May, 1879. To the last-described piece the defendant holds a tax deed executed by the treasurer of Palo Alto county on the twenty-third of July, 1877, and duly filed for record on the twenty-sixth of July, 1877. The present proceeding to redeem was commenced in July, 1885, more than five years after the time of recording the treasurer's deeds, as above stated. From the agreed statement of facts, it appears in the years 1878 and 1879 the S. W. ¼ of N. W. ¼ of section 11 was taxed in the name of J. Graham. Under the provisions of section 894 of the Code of Iowa, in order to entitle defendant to demand and the treasurer of the county to execute a valid tax deed of these premises, it was necessary that the holder of the tax certificate should serve notice upon said Graham that the right of redemption would expire in 90 days. Proper proof of the service of such notice is required to be made by affidavit of the holder of the certificate, or his agent, the same to be filed with the treasurer. Until such notice is given, and the proper proof is filed with the treasurer, he has no right to execute the deed. In the present case it is admitted that the notice was in fact given, but it appears that the affidavit of proof filed with the treasurer was defective, in that the seal of the notary was not attached to the jurat.

Under the rulings made in *Tunis* v. *Withrow*, 10 Iowa, 307, and *Stephens* v. *Williams*, 46 Iowa, 542, it must be held that the so-called affidavit is lacking in an essential requisite, and the proof of service was not made by affidavit, as required by the statute. It appears, however, that the treasurer did in fact execute a deed proper in form, which was delivered to defendant, and by him duly recorded, more than five years before the bringing of this suit; and defendants claim that the lapse of the five years bars the right of recovery under the provisions of section 902 of the Code.

In *Trulock* v. *Bentley*, 25 N. W. Rep. 824, the supreme court of Iowa held that, when a notice of the expiration of the time of redemption had in fact been given, but the proof made thereof and filed with the treasurer was defective in some particular capable of being cured by amendment, then the five-years limitation contained in section 902 was applicable.

The failure to affix the seal to the jurat is a defect which may be remedied, it being admitted in the statement of facts that M. L. Brown, before whom the affidavit was signed, was a duly commissioned notary at that time, and that the omission to attach the seal to the jurat was by mistake and oversight, and hence the present question comes within the rule in *Trulock* v. *Bentley*. It follows that the lapse of five years operates as a bar to the right of complainant to question the validity of the deed to the S. W. ¼ of N. W. ¼ of section 11, and as to this quarter section complainant's bill must be dismissed.

Touching the N. W. ¼ of S. W. ¼ of section 32, it appears that the tax deed was executed on the twenty-third of July, 1877. The notice filed with the treasurer was an affidavit showing that a notice addressed to one J. M. Eldridge, or the unknown owners, was published for the requisite length of time in a newspaper of Palo Alto county. The land at the time the notice was published was taxed in the name of M. Healy, the defendant. It does not appear that the land was ever taxed to Eldridge, or that he ever had any interest therein. The facts are therefore that the land was assessed in the name of the person holding the certificate of purchase, and that no notice of the expiration of the time of redemption was given to any one except to Eldridge; and it does not appear that he had any interest whatever in the land. In fact, therefore, no notice of the expiration of the time of redemption was given, and the question is whether the fact that the land was assessed in the name of Healy, the holder of the tax certificate, will dispense with the necessity of doing that which the statute expressly requires, i. e., giving notice to the person in whose name the property is taxed. On the one hand, it is argued that giving notice to Healy would be a vain and useless thing, because he was the very party who was about to apply to have the deed executed, and he already knew all the notice could give him knowledge of. On the other, it is said the requirement of the statute is imperative, and, unless obeyed, the treasurer has no right to execute the deed. The spirit of the section in question is to provide that the right of redemption shall not be lost to the owner of the land until he has had 90 days' notice of the fact that the time of redemption is drawing to an end. The letter of the section requires service of the notice upon the person in whose name the property is taxed. In the present case, the defendant does not show or claim that he has fulfilled the spirit of the section by giving notice to the actual owner, and admits that he has not fulfilled the letter of the statute. The treasurer had no right to sit in judgment upon the question whether the defendant was excused from obeying the letter of the statute. No notice was given, and, in the absence thereof, the treasurer could not lawfully execute the deed. The issuance thereof was a void act, and is not cured by the five-years limitation found in section 902. It is a defect not curable by any amendment to the papers or proofs, and, under the rule recognized by the supreme court of Iowa in *Trulock* v. *Bentley*, the five-years limitation is not applicable.

As to this quarter section, therefore, complainant is entitled to a decree entitling him to redeem said quarter section.

The costs will be equally divided.