PAULINA SCHAEFER

*v.*

GEORGE KIENZEL *et al.*

*Filed at Mt. Vernon January 20, 1888.*

1. NON-RESIDENT DEFENDANTS *in chancery—affidavit of non-residence —statement of defendant's residence.* An affidavit of the non-residence of a defendant stated that such defendant's residence was, "20th St. Louis avenue, St. Louis, Missouri:" *Held*, sufficient as to the residence of the defendant.

2. SAME—*publication of notice—clerk's certificate as to mailing copy to non-resident.* The printer's certificate of the publication of notice to a non-resident defendant in chancery showed that the first publication was made July 25, 1884. The clerk, in his certificate, stated that he mailed a copy of the notice on July 19, 1884, and also that "within ten days of the first publication of the notice" he mailed the copy. The decree found that the copy of the notice was sent "within ten days after its first publication:" *Held*, that there was an evident mistake of the clerk in writing July 19, instead of July 29, and that the service was good.

3. NOTARY PUBLIC—*whether seal to jurat necessary—judicial notice.* The circuit court will take judicial notice of the notaries public of the county in which it sits. Hence the jurat of a notary to affidavits made before him, to be used in his county, need not be authenticated by his notarial seal.

4. The statute entitled "Notaries Public," which requires them to provide themselves with seals with which to authenticate their official acts, relates only to such official acts as are in the contemplation of that act. That statute does not authorize notaries public to take affidavits and administer oaths. That power is given by another statute, which does not provide for any jurat, or mode of authenticating it.

5. PLEADING IN CHANCERY—*allegation as to homestead.* An allegation in a bill for partition that "A B is entitled to a homèstead in said premises," is sufficient to authorize the court, on failure of any answer, to decree such person a homestead.

6. ATTORNEY'S FEE *in partition—as fixed by the master and approved by the court.* A decree in partition was objected to, on the ground the court directed the master in chancery to pay the complainant's solicitor a reasonable fee, without fixing the amount. The final report of sale fixed the solicitor's fee at $15, and this report was approved by the court, and this was held to obviate the objection that the court itself did not determine what was a reasonable fee.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the plaintiff in error:

Paulina Schaefer has not been served with notice according to law. The copy of the notice was mailed to her six days before the first publication, and the affidavit for publication is uncertain in describing her residence, and was sworn to before a notary public, who fails to attach his seal.

The bill fails to state facts constituting a homestead. It does not even contain an allegation that Justine ever resided or occupied the premises as a homestead. The allegation is, that Gottfried Taubert died intestate in the year 187-. The truth is he died in 1867, but that fact is not in the bill,—at any rate, this court can not know when Gottfried Taubert died, except from the allegation in the bill, and that sufficiently shows that he died prior to July 1, 1872, at a time when a widow was not entitled to homestead in a suit for partition by the heirs. *Eggleston* v. *Eggleston*, 72 Ill. 24; *Sontag* v. *Schmisseur*, 76 id. 541.

The decree directs the master in chancery to "pay the costs and charges attending said sales, and those of this suit, including a reasonable solicitor's fee for complainant's solicitors," etc. This leaves the master to decide upon the reasonableness of the fee,—whether it shall be $10 or $100. That this was error is hardly necessary to comment on.

Messrs. Dill & Schaefer, for the defendants in error:

It is evident from the clerk's certificate that within ten days after its publication he sent the notice, and the court expressly so finds. In *Sloan* v. *Graham*, 85 Ill. 26, it is held, "where the decree recites that the court found due and proper publication of notice, the presumption is that evidence sufficient to sustain the finding was heard by the court." *Moore* v. *Neil*, 39 Ill. 256; *Barnett* v. *Wolf*, 70 id. 76.

Again, it is urged the affidavit fails to state the residence of Mrs. Schaefer. By reference to section 12, *supra*, it will be seen that the only requirement is, that the affidavit shall state "the place of residence of such defendant, if known." St. Louis was her place of residence. The affidavit states this, and more: it gives the avenue upon which she resides. This matter is of no importance, as there is no pretense that she did not get the notice. The absolute presumption is, that she received notice in due course of mail. *Rosenthal* v. *Walker*, 111 U. S. 185.

Objection is made to the affidavit of non-residence, on the ground that the notary failed to attach his notarial seal. The circuit court takes judicial notice of who the notaries are in the county in which it is held, and proof of the official character of these officers is never required, unless that particular matter is distinctly in controversy. *Stout* v. *Slattery*, 12 Ill. 162; *Rowley* v. *Berrian*, id. 198; *Shattuck* v. *People*, 4 Scam. 478; *Thompson* v. *Haskell*, 21 Ill. 215.

Again, we contend that no seal was required. Chapter 99, of the Revised Statutes, entitled "Notaries Public," requiring these officers to authenticate their official acts with a seal, went into force July 1, 1872. On July 1, 1874, chapter 101, revising "the law in relation to oaths and affirmations," went into force. This latter act authorizes notaries to administer oaths, take affidavits, etc., and does not require the use of an official seal in these matters.

It is next urged, that the circuit court erred in rendering the decree allowing Justine Taubert a homestead in the premises. The bill, in positive terms, alleges that she is entitled to a homestead, and her right to it is not denied by any pleading in the record. It is said, the bill fails to state facts constituting a homestead. *Knapp* v. *Gass,* 63 Ill. 495.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for the partition of a town lot in the town of West Belleville, brought by Ernestine Kienzel, the daughter and heir-at-law of Gottfried Taubert, deceased, against Justine Taubert, the widow, and Paulina Schaefer, the other daughter and remaining heir-at-law of said Gottfried. There was a decree in accordance with the prayer of the bill. Paulina Schaefer brings the case here on error, and makes the following assignments of error:

*First*—That Paulina Schaefer had not been served with notice, as required by law. It appears from the printer's certificate, that the first publication of notice was made July 25, 1884. The clerk, in his certificate, says that he mailed a copy of the notice on the 19th day of July, 1884, it thus appearing, as is said, that the copy was mailed to Paulina Schaefer six days before the first publication of notice was made in the newspaper. The statute requires that the copy of the notice shall be sent within ten days after the first publication. The clerk states in his certificate, in addition, that "within ten days of the first publication of the notice in this cause," he mailed the copy of the notice. The decree expressly finds that the copy of the notice was sent "within ten days after its first publication." There was evidently a mistake, here, of the clerk, in writing July 19 instead of July 29.

It is objected that the affidavit of non-residence, and the notice, fail in stating the residence of Paulina Schaefer, it

being stated as "20th St. Louis avenue, St. Louis, Missouri,"— leaving it uncertain, it is said, whether the reference, here, of "20th," is to the number of the house, or to Twentieth street and St. Louis avenue. The requirement of the statute is, that the affidavit shall state "the place of residence of such defendant, if known." The affidavit does state this, and nothing more was required.

A further objection to the affidavit of non-residence is, that the notary public before whom it was made did not authenticate his jurat by his official seal. The affidavit was made before a notary public, in the county in which the court was held that entertained the partition proceeding. In such case, it was decided in *Stout* v. *Slattery*, 12 Ill. 164, that the jurat of the notary need not be authenticated by his notarial seal,— that the court would take judicial notice of who the notaries public were in the county in which the court was held. Since that decision the statute entitled "Notaries Public," (Rev. Stat. p. 721,) requires each notary public to provide himself with an official seal, with which he shall authenticate his official acts. We think this relates only to such official acts as were in the contemplation of that statute. That statute did not authorize notaries to administer oaths and take affidavits. It was a separate statute that did this,—the one entitled "Oaths and Affirmations." (Rev. Stat. p. 725.) And this statute provides nothing as to any jurat, or mode of authenticating it. We think the decision in *Stout* v. *Slattery* still applies, and that it meets the present objection.

*Second*—That the circuit court erred in rendering the decree allowing Justine Taubert a homestead in the premises. The bill was taken for confessed, no answer being filed. The objection is, that the bill does not state facts which show that there was a right of homestead. The bill does allege that "Justine Taubert is entitled to homestead in said premises." *Knapp* v. *Gass*, 63 Ill. 495, answers this objection. The bill there alleged that the widow, Mrs. Knapp, was entitled to

dower in the land; and the widow, in her answer, averred that "she is entitled to her dower in the premises, as well as homestead." No replication was filed. There was the same objection as here,—that there were no facts alleged out of which the right of homestead could arise, but a claim, simply, to a homestead in the premises. It was held, that failing to reply to the claim set up in the answer was an admission by the complainant that the widow had a homestead right in the premises, and that the allegation in the answer that the widow was entitled to homestead, was sufficient to warrant a decree for its allowance.

*Third*—That the circuit court erred in approving the commissioner's report—that the report was manifestly wrong. The report found that the property was so circumstanced that a partition thereof could not be made without manifest prejudice to the proprietors, and set apart to Justine Taubert, as her homestead and dower, a life estate in all of the premises, and valued the premises, subject to such life estate, at $300. We fail to perceive that the report was not warranted by the statute, or that it should not have been approved.

*Fourth*—The final objection is, that the court erred in directing the master in chancery to pay (without stating the amount) complainant's solicitors a reasonable fee,—that this left the master to decide upon the reasonableness of the fee. By the final report of sale of the master, the solicitor's fee was fixed by the master at $15, and this report was approved by the court. This approval of the master's report obviates the objection made.

The decree of the circuit court will be affirmed.

*Decree affirmed.*