## WILEY V. CARSON *et al.*

1. An objection that a complaint was not made a part of the affidavit for publication of summons, and that therefore the affidavit failed to show a cause of action against defendants, was untenable, where the affidavit referred to the complaint, and the order of publication recited that it was made on affidavit and complaint.

2. Comp. Laws, § 494, provides for the appointment of notaries public who "shall have power * * * to administer oaths." Section 503 requires the notary to provide an official seal, and deposit an impression with the secretary of the state. Section 504 requires him to deposit an impression of his seal, together with his official signature, with the clerk of the courts of his county. Section 501 provides that the notary shall keep a record of his proceedings, which record, "certified by the notary under seal," shall be. competent to prove certain facts. *Held*, that the affixing by a notary of his seal to the verification of a complaint, not being expressly required by statute, was not absolutely essential to its validity as a verified complaint.

3. The court sitting in a county in which a complaint is verified can take judicial notice of the fact that the notary whose name is subscribed to the verification is duly authorized to act as such.

4. A publication of summons reciting the complaint as filed March 7th, whereas it was not in fact filed until March 8th, was not ground for setting aside a default, where the complaint was filed prior to the first publication, as required by Comp. Laws, § 4900, subd. 5, and the mistake in the summons could not have misled defendants.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Codington county. HON. A. W. CAMPBELL, Judge.

Action by C. C. Wiley against M. E. Carson and others. From an order setting aside a judgment for plaintiff, he appeals. Reversed.

The facts are stated in the opinion.

*John B. Hanten,* for appellant.

The affidavit for publication will show a reference to the complaint and that the complaint is made a part of it and the complaint with the affidavit certainly contains facts showing that a cause of action existed in favor of the plaintiff and against the said defendants in said action.   Both should be construed together as to this reason.   Wood v. Pollard, 14 S. D. 44, 84 N. W. 214; Davis v. Cook, 9 S. D. 319, 69 N. W. 18.

It has been invariably held by the courts of last resort that where there is some evidence tending to prove each jurisdictional fact required for publication of summons, the order stands and the judgment is not void although a mistake was made in giving too much weight to such facts or in judging the facts so presented to the court.   Ligarie v. California Southern R. R. Co., 18 Pac. 777; Iowa State Savings Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453; Woods v. Pollard, *supra.*

*Gamble & Fuller* and *Webster & Potter,* for respondent.

"We consider that the official acts of a notary public should be authenticated by the seal and signature, and that an affidavit is not shown to have been made unless the jurat is authenticated both by such seal and signature."   Also to the same effect see Slyfield v. Healey, 32 Federal Reporter 2;  Tunis v. Withrow, 10 Iowa 305.

The complaint in this action was filed on the 8th day of March, 1893, but the summons, as published, stated that it was filed on the 7th day of March, 1893.   The law required that the summons as published should state when the complaint was filed.   The defendant was entitled to a strict compliance with this statute, and a truthful statement of the time of filing the complaint.   If the published summons may erroneously state the filing to have been a single day in deviation from the filing in fact, then why may it not vary ten days, or any other time, from the truth?   This method of service

of process being purely of statutory origin and in deviation of the common law, must be strictly pursued.  17 Pl. & Pr. 45

CORSON, J.  This is an appeal from an order setting aside the judgment entered on July 7, 1893.  The service of summons in 1893 was by publication, and no appearance was made in the action on the part of the defendants.  The notice of motion was served on the attorneys for the plaintiff more than seven years after the entry of the judgment.  The motion was made on the following grounds: "First, that the court obtained no jurisdiction to render said judgment; second, that the affidavit for the order of publication contained no facts showing that a cause of action existed in said cause; third, that said affidavit contained no sufficient showing of diligence to procure personal service of said summons; and, fourth, for the reason that the summons, as published, stated the complaint to be on file, when in truth and in fact said complaint was not filed at the time so stated in the summons."  The motion was made upon the affidavit, answers, and affidavits of merits of the defendants, and the pleadings and proceedings in the action.

The attorneys, in their brief for the defendants and respondents, say they rely wholly upon the ground that the judgment set aside was void for want of jurisdiction.  Their contention is that the affidavit of publication fails to show that the plaintiff had a cause of action against the defendants, for the reasons: First, that the complaint is not made a part of the affidavit for publication; second, if it can be considered as a part of the affidavit, then it was insufficient, for the reason that it was not verified by the plaintiff, or by any one in his behalf.  The contention that the complaint is not made a part of the affidavit for publication is untenable, as the complaint is referred to in the affidavit, and the court recited in its

order that it was made upon the affidavit and complaint in the action. This has been held sufficient by this court. Woods v. Pollard, 14 S. D. 47, 84 N. W. 214.

The second ground is entitled to more consideration. The jurat to the verification of the complaint is signed by the person after whose name appears the words "Notary Public", but there is no seal of the notary affixed thereto. It is contended, therefore, that the failure of the notary to affix his official seal leaves the complaint unverified. The principal question, therefore, is, did the failure of the notary to affix his seal to the jurat to the complaint have the effect of leaving the complaint unverified? Section 494, Comp. Laws, provides for the appointment of notaries public, which "shall have power and authority anywhere in the state to administer oaths and perform all other duties required of them by law." Section 503 provides, "Every notary public, before he enters upon the duties of his office, shall provide an official seal and deposit an impression of the same, together with said oath and bond, in the office of the secretary of the state." Section 504 provides that he shall deposit with the clerk of the courts of his county an impression of his seal, together with his official signature, and the said clerk shall record the same in a book for that purpose. The only part of the act that speaks of the use of the notarial seal is section 501, in which it is provided that the notary shall keep a record of his proceedings, which record, or a copy thereof, "certified by the notary under seal, shall at all times be competent evidence to prove" certain facts therein specified. The special mention of the seal in this section would seem to indicate that, in the opinion of the legislature, there might be cases in which the use of the official seal might not be necessary. As the statute does not expressly require that the notary, in taking an affidavit or administering an oath, shall authenti-

cate it by his official seal, we are inclined to take the view that the use of the seal is not absolutely necessary in such case. This is the view taken by the supreme court of Illinois in Schaefer v. Kienzel, 123 Ill. 430, 15 N. E. 164. In that case the court used the following language: "A further objection to the affidavit of non-residence is that the notary public before whom it was made did not authenticate his jurat by his official seal. The affidavit was made before a notary public in the county in which the court was held that entertained the partition proceeding. In such case it was decided in Stout v. Slattery, 12 Ill. 164, that the jurat of the notary need not be authenticated by his notarial seal; that the court would take judicial notice of who the notaries public were in the county in which the court was held." And such seems to have been the view of the supreme court of Ohio. Commissioners v. Glass, 17 Ohio, 542; Ashley v. Wright, 19 Ohio St. 291; 16 Am. & Eng. Enc. Law (1st Ed.), p. 760. The authority to administer oaths is expressly conferred by statute (section 487, Comp. Laws), and is not one of the incidents of the office. The notarial seal to the verification of the complaint, not being required by the statute, is not absolutely essential to its validity as a verified complaint. Affidavits taken by the notary, but without his official seal affixed thereto—at least, within the county—are none the less valid because they are not authenticated by the notarial seal. Stout v. Slattery, *supra.* In this case the motion was made in the county of Codington—the county in which the complaint was verified; and the court sitting in that county will take judicial notice of the fact that the notary whose name was subscribed to the verification was a notary public duly authorized to act as such. Stout v. Slattery, *supra.* While the proper practice, undoubtedly, would be for the notary to affix his notarial seal to all of his official acts, and his failure to do so might result in great in-

jury to parties, we are of the opinion that his failure to so affix his seal to the verification of the complaint in this case does not vitiate the proceedings, and that the complaint must be held to be a verified complaint. We have not overlooked the case of Tunis v. Withrow, 10 Iowa, 305, 77 Am. Dec. 117, relied on by respondents as sustaining their contention that the complaint cannot be regarded as a verified complaint. While entertaining the greatest respect for the supreme court of Iowa and its decisions, we cannot agree with the conclusions arrived at by that court in that case. We have also examined the case of Slyfield v. Healy (C. C.), 32 Fed. 2; but, in the view we take of that case, it does not support the contention of the counsel. As the motion in this case was made more than seven years after the entry of the judgment, the court could only grant the same for want of jurisdiction in the court in entering it.

It is further contended by the respondents that the order of the court should be sustained on the ground that the summons, as published, states that the complaint was filed on the 7th day of March, 1893, but in fact the complaint was not filed until the 8th day of March. But we are of the opinion that this contention is untenable for the reason that the complaint was filed prior to the first publication of the summons, and the mistake in the summons as to the date the same was filed could not have had the effect of misleading the defendants, or either of them. The statute requires that the complaint shall be filed prior to the publication of the summons. Subsection 5, § 4900. And in this case, as we have seen, the complaint was so filed.

In the view we have taken of the case, the circuit court had jurisdiction to enter the judgment sought to be vacated, and hence the same must be held to be a valid and binding judgment. These views lead to the conclusion that the circuit court was not authorized

to vacate and set aside the judgment, and the order appealed from, vacating and setting the same aside, is therefore reversed, and that court is directed to vacate and set aside the same.

FULLER, J., took no part in the decision.