FUNK v. BAKER *et al.*

No. 2032, Okla. T.   Opinion Filed June 23, 1908.

(96 Pac. 608.)

1. HOMESTEAD—Setting Apart—Collateral Attack. An order of a probate court, setting apart a homestead to the use of the wife and family of the deceased husband, in the absence of facts showing a want of jurisdiction in said court to make such order, is not open to collateral attack.

2. PARTITION—Property Subject—Homestead. Where a wife occupies as a home the homestead set apart by order of the probate court for the use of herself and the family of her deceased husband, the same is not liable to partition at the suit of the assignee of some of the adult heirs.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action for partition by C. R. Funk against Lucy Baker, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

C. R. Funk, plaintiff in error (plaintiff in the court below), brought this action in the district court of Kingfisher county against Lucy Baker, Christina Wright (*nee* Baker), Griffith Baker, Joseph Baker, Isaac Baker and Esau Baker, defendants in error (defendants below). In his petition filed in that court on the 25th day of September, 1905, plaintiff alleges: That on May 31, 1899, one Edward Baker died intestate in Kingfisher county, owning at the time and residing on as his home and exempt homestead the southwest quarter of section 15, township 18 north,

range 5; that the said deceased at his death left surviving him a widow, Lucy Baker, and his six children, Joseph Baker, Christina Baker, Griffith Baker, Edward Baker, Jr., Esau Baker, and Isaac Baker, all of lawful age; that the said Lucy Baker by reason of being the widow of deceased, Edward Baker became at the death of Edward Baker the owner of an undivided one-third interest in the above described land, and each of said children became the owner of an undivided one-ninth interest in said lands; that on October 17, 1901, Lucy Baker applied for appointment as administratrix of the estate of her deceased husband, and, after fixing the date for the hearing thereof, the notice in due form being given, the probate court of Kingfisher county duly appointed her administratrix of said estate; that on November 18, 1901, the probate court ordered notice to creditors in due form to present their claims, and on August 4, 1902, the probate court entered a finding and decree that due notice had been given; that no claims were filed or presented, and the estate was not indebted; that on August 4, 1902, Lucy Baker filed her petition to set apart personal property for her use; "that on the same date a petition and application of the said Lucy Baker was filed to have set apart 'the homestead to her for her occupancy and that of her grown son Joseph Baker,' who supported her, and on the same date an order was made that the said land 'be set apart for the use of the family of the said Edward Baker, deceased, and that the same be not subject to administration.'"

Plaintiff alleges that on August 15, and August 17, 1903, he purchased and became the owner of the interest of Griffith Baker, Edward Baker, Jr., and Esau Baker in said land, and that at the time of filing this suit, defendant Lucy Baker was the owner of an undivided one-third interest, while the defendants Christina Wright, Joseph Baker, and Isaac Baker, each had an undivided one-ninth interest, and that plaintiff was the owner of an undivided one-third interest in said lands. Plaintiff alleges that he repeatedly, but in vain, attempted to obtain an amicable division or purchase of the lands; that it was the purpose of the defendant Lucy Baker to

occupy the said lands as long as possible, regardless of the rights of this plaintiff or of the law, and plaintiff prayed for an adjudication of the rights of the parties to the action in the lands and for the partition thereof.

Defendants demurred to petition of plaintiff upon four grounds, but only one ground of the demurrer is presented to this court for consideration, which ground is that the petition did not state facts sufficient to constitute a cause of action. The trial court sustained defendants' demurrer to plaintiff's petition, and defendants refused to plead further. Whereupon the court rendered judgment dismissing plaintiff's petition.

*F. L. Boynton,* for plaintiff in error.

*Spencer E. Sanders,* for defendants in error.

HAYES, J. (after stating the facts as above). The sole question presented by the appeal in this case is the action of the court in sustaining the demurrer to plaintiff's petition, and in holding that the plaintiff's petition did not state facts sufficient to constitute a cause of action.

The contention of the parties to this action may be briefly stated as follows: Defendant's contention is that, under the allegations of plaintiff's petition, plaintiff admits that defendant Lucy Baker, the widow of the deceased, Edward Baker, occupies the land in controversy under an order of the probate court setting apart said lands as a homestead for the use of the family of the deceased Baker, and they allege that said land cannot be partitioned as long as said homestead rights exist in favor of the family of the deceased, Edward Baker. Plaintiff contends: First, that the order of the probate court setting apart said real estate for the use of the family of the deceased, Edward Baker, as a homestead, and ordering that the same be not subjected to administration, was made without notice, and is therefore void; and, secondly, that if such order is not void, and if the said Lucy Baker, as the widow of deceased, Edward Baker, is entitled to occupy said lands as the homestead of the family of the deceased Baker, the court should

decree a partition of the same subject to the said homestead rights of Lucy Baker as the widow of the deceased, Edward Baker. We have quoted *verbatim* the language of plaintiff's petition relative to the order of the probate court setting apart said lands for the use of the family of deceased, Edward Baker, as a homestead. At the time this order was made, plaintiff had acquired no rights in the land in controversy. There is no allegation in the petition that notice of the application of Lucy Baker for such order was not given to the heirs of Edward Baker, nor is it alleged in the petition that such heirs were not present at the time of the making of such order.

It is contended by plaintiff in his brief that Lucy Baker was not at the time the order of the probate court was made, and is not now, the head of a family, and therefore was not entitled to have said lands set apart to her as a homestead; but the question whether the facts were such that, under the law, the probate court should set apart said premises for the use of the family of the deceased as a homestead, was for the consideration of the probate court at the time the application for such order was made, and the court having found her entitled to have the same set apart to her as a homestead, for the use of the family of the deceased, Edward Baker, the same cannot be attacked in this proceeding unless it be shown that the probate court was without jurisdiction to make such order. It is a well-settled rule that the setting apart of a homestead is generally conclusive upon the parties in interest unless appealed from, and that the order of a court having competent jurisdiction setting apart a homestead upon application is not subject to collateral attack unless the court making the same was without jurisdiction. 21 Cyc. 590, 591, and authorities cited.

The contention of plaintiff that the order of the probate court is void for the reason that no notice was given to plaintiff or the heirs whose interest he has acquired cannot be considered by this court, for the reason that his petition does not contain facts sufficient to present this issue. There is no allegation in the petition that the order was made without notice, or that there having

been no notice that the parties interested were not present at the time of the making of the order by the probate court. This court, in the absence of allegations to that effect, will not presume irregularities. Under the order of the probate court, the status of the land in controversy was fixed as that of the homestead of the family of the deceased, Edward Baker, not subject to administration, and the rights of the widow, Lucy Baker, under the order of the court and under section 1607 of Wilson's Revised and Annotated Statutes of Oklahoma for 1903, are that she "may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." There is no allegation in the petition that anything has transpired since the order of the probate court setting apart the homestead to the family of the deceased Baker that operates in law to defeat the rights of Lucy Baker to continue to occupy said lands as the homestead of the family. There is no allegation of abandonment or of any act on the part of the widow which would entail a forfeiture of her rights to occupy the land as a homestead.

It is insisted by plaintiff in his brief: That Lucy Baker is not the head of a family; that she lives upon said lands with her adult son, Joseph Baker, who supports her; and that, since she is not the head of a family, under section 1607 of Wilson's Rev. & Ann. St. Okla. 1903, as construed in *Betts et al v. Mills*, 8 Okla. 351, 58 Pac. 957, she has no homestead rights in said land. The record in this case does not warrant us in passing upon this contention. There is no allegation in plaintiff's petition setting up the facts aforesaid upon which plaintiff in his brief bases this contention.

Section 1607, Wilson's Rev. & Ann. St. 1903, provides that:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age."

Whether, under this section, Lucy Baker, as the widow of the

deceased, Edward Baker, was entitled to have set apart to the family of the deceased Baker the lands in question, to be used as a homestead of the family, must have been passed upon by the probate court at the time it made the order setting apart the land in controversy for such purpose. That order was not appealed from, and, without allegations in plaintiff's petition setting up the facts that would constitute a forfeiture of the rights of Lucy Baker, the widow of the deceased Baker, to occupy the lands as a homestead, this court will not consider, as contended for by plaintiff, whether it is necessary that Lucy Baker be the head of a family in order to entitle her to occupy such lands as a homestead.

Section 6895, Wilson's Rev. & Ann. St. 1903, provides that:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to and must be distributed *unless otherwise expressly provided in this Code* and the chapter on probate court, subject to the payment of his debts, in the following manner."

It then provides that the surviving wife or husband shall take from the deceased husband or wife certain portions of the property of the husband or wife, the portion being determined by the number of heirs, but in no instance the surviving wife or husband has less than one-third interest in the property of the deceased husband or wife.

Section 1601, Wilson's Rev. & Ann. St. Okla. 1903, provides that:

"The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate, except the realty and improvements thereon properly belonging to the homestead. * * *"

Section 1608 provides that:

"In addition to the property mentioned in the preceding section, there shall also be allowed and set apart to the surviving wife or husband, or the minor child or children of the decedent, all such personal property or money as is exempt by law from levy and sale on execution or other final process from any court, to be, with the homestead, possessed and used by them. * * * "

Section 1609 provides that:

"If no homestead has been selected, marked out, platted and recorded, as provided by the homestead law, the judge of the probate court must cause the same to be done according to the provisions of said law."

Section 1610 provides that:

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except as provided in the law relating to homesteads."

Section 1641 provides that:

"All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration and the allowance to the family. * * *"

It thus appears from these various sections of the statute that it is contemplated and intended that the possession of the homestead of the family upon the decease of either husband or wife or of both, when there are children, shall not pass into the hands of the administrator, nor be distributed, as long as the homestead character of the same is preserved and is occupied and used by the family of the deceased as a home.

It is contended by plaintiff that the occupancy and possession by the surviving wife or husband of the whole homestead contemplated in section 1607, *supra,* is a temporary one, and meant to continue only until the administration of the estate is completed, or until the homestead is "otherwise disposed of according to law," and our attention in support of this contention is called to section 1602; but section 1602 must be read in connection with section 1601, and, when so done, it clearly appears that the property which, by section 1602, is required to be delivered to the heirs at law or devisees at the expiration of ten months from the first publication by the administrator of notice to the creditors, refers to

the property described in section 1601, which does not include the homestead and the improvements thereon.

The language of section 1607, *supra,* occurs in the statute of North Dakota, and has been construed by the Supreme Court of that state in *Fore v. Fore's Estate.* 2 N. D. 260, 50 N. W. 712, in which case the court held that the right of the survivor to occupy the homestead did not cease when the estate is settled, and that, while the same is occupied as a home of the family of the deceased and the homestead character of the same is maintained, a suit for partition will not lie. It is contended by plaintiff that the construction of the Supreme Court of North Dakota should not be binding or persuasive upon this court, for the reason that by the statute of North Dakota a surviving wife or husband, without children, constitutes a family within the meaning of the homestead laws, and that under the rule of the Supreme Court of the territory of Oklahoma announced in *Betts et al. v. Mills, supra,* our statute giving to the surviving wife or husband the right to continue to possess and occupy the whole homestead has been construed to grant such right only when the survivor is the head of a family; but we are not called upon in the case at bar to approve or disapprove the doctrine announced in that case, for the reason that the right of the surviving wife in this case to have set apart the land in controversy as the homestead of the decedent's family was determined by the probate court, and there is nothing in the pleadings in this case that works a forfeiture of such right, and whether the surviving wife alone constitutes a family, or whether she must have others depending upon her, is not material to the proposition under consideration, which presents alone the question whether the homestead may be partitioned while occupied by the family of the deceased as a home. The language of our statute contained in section 1607, *supra,* has also been construed in *Nicholas v. Purczell,* 21 Iowa, 265, 89 Am. Dec. 572, and there it was held that a suit for partition would not lie until the termination of the homestead character of the property. The rule announced by the Supreme Courts of North Dakota and Iowa is

the prevailing rule under the various homestead statutes of the different states. 21 Cyc. 594; 15 Am. & Eng. Ency. of Law, 699.

Our attention has been called to *Albert Robinson v. Lottie G. Baker et al.*, 47 Mich. 619, 11 N. W. 410, and to *Schaefer et al. v. Kienzel et al.*, 123 Ill. 430, 15 N. E. 164. In each of those cases it is held by the court that a partition of the homestead would lie subject to the right of the family to use and occupy the same; but the opinions in those cases were rendered under statutes the language of which is different from the language of the statute controlling in the case at bar.

The judgment of the trial court is affirmed.

All the Justices concur.