## EVANS v. MILLER.

No. 10103—Opinion Filed Jan. 20, 1925.

### Executors and Administrators—Right of Surviving Spouse to Household Goods Before Administration.

Under section 1224, Comp. Stat. 1921, the surviving husband is entitled to the use and possession of household goods and wearing apparel belonging to the wife at the time of her death, for the benefit of himself and surviving children, and where said property is detained by a person not a member of the immediate family of the deceased, replevin by the husband will lie to recover such property, although no administrator of the estate of the deceased wife may have been appointed.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Coal County; C. M. Threadgill, Judge.

Action in replevin by C. H. Evans against H. E. Miller. H. E. Miller, guardian of Jewel and Pearl Benton, intervener. Judgment for defendant H. E. Miller, and plaintiff appeals. Reversed and remanded.

G. T. Ralls, for plaintiff in error.

J. R. Wood, for defendant in error.

Opinion by FOSTER, C. In this case plaintiff in error, as plaintiff, sued defendant in error, H. E. Miller, as defendant, to recover the possession of certain personal property before a justice of the peace of Coal county, Okla. Judgment was rendered in favor of the plaintiff in the justice court and the defendant appealed to the county court.

The plaintiff testified, at the trial in the county court, that the goods and chattels in controversy were the personal property of his deceased wife; that no administrator had been appointed over her estate, and that the possession of such property was detained by the defendant who had no title thereto or interest therein.

At the conclusion of the plaintiff's testimony, the court sustained a motion by the defendant for a directed verdict upon the ground that no administrator having been appointed over the estate of the wife of the plaintiff, the plaintiff was not entitled to recover.

The court thereupon rendered judgment that the plaintiff take nothing by his action, and that the defendant, H. E. Miller, should take and hold the property in controversy, and recover of the plaintiff his costs.

A petition in intervention is found in the record from which it appears that leave was obtained in the justice court by H. E. Miller, as guardian for Jewel Benton and Pearl Benton, minors, to file a petition asserting ownership of said property by said minors, and claiming a right to the possession thereof.

Motion for a new trial was filed by the plaintiff, overruled, exceptions reserved, and the matter comes on regularly to be heard in this court on appeal by the plaintiff.

The action of the trial court in instruct-

ing the jury to return a verdict in favor of the defendant at the conclusion of plaintiff's evidence is assigned as error. The one question presented is: May the plaintiff, as the surviving husband of his deceased wife, maintain an action to recover personal property belonging to his wife at the time of her death, held by the defendant H. E. Miller in his own right where no administrator had been appointed over her estate?

The only evidence preserved in the record is that by the plaintiff hereinbefore quoted. The evidence introduced by the plaintiff conclusively establishes the fact that the personal property in controversy was being withheld, not by H. E. Miller, as the guardian of Jewel and Pearl Benton, but by H. E. Miller in his own right.

This testimony by the plaintiff presented an issue of fact as to the identity of the person holding possession of and claiming title to the personal property in controversy, and if this property was in fact owned and detained by H. E. Miller as the guardian of Jewel and Pearl Benton or by any other third party, it was the duty of the defendant to make that fact appear in the evidence in some form.

Nor did H. E. Miller, as the guardian of said minors, offer any evidence whatever in support of his petition in intervention, showing or tending to show that he was the guardian of said minors, and that the property in controversy was in the actual possession of H. E. Miller as such guardian.

The trial court in its judgment awarded the property to H. E. Miller personally, and it is evident that the petition in intervention was not regarded by the court or by the parties to the action as forming the basis of any relief granted by the court at the trial.

It is said by the defendant in his brief as follows:

"Now the defendant, H. E. Miller does not contend that he himself has any interest in the property or that he has a right in his own name to hold the possession of it."

If the defendant Miller, in his own right, had no right, title, or interest in the property, and there was no evidence of any possession thereof by H. E. Miller as the guardian of the minors mentioned, it would seem to follow as an inevitable conclusion that the trial court erred in directing a verdict for the defendant. If these minors were the surviving children of the deceased, and the plaintiff were seeking to recover the property in controversy in the hands of their guardian, that fact should have been made to appear in the evidence.

The only evidence before this court is that the property in controversy was detained by H. E. Miller in his own right, who is conceded by the defendant to have no interest in the property, either with or without an administrator.

The question of the right of the plaintiff as the surviving husband of the deceased to maintain replevin for exempt personal property belonging to his wife at the time of her death as against the surviving children of the deceased, is not before this court for decision on this appeal.

The property in controversy consisted of household goods and wearing apparel belonging to the wife of the plaintiff at the time of her death. Under section 1224, Comp. Stat. 1921, this property was not subject to administration, and the plaintiff had a right to continue to possess and use the same for the benefit of himself and surviving children.

The fact that such personal property may not have been probated and set apart in due course of administration could not affect the right of the plaintiff thereto as against a person not a member of the immediate family of the deceased.

The provision for setting apart such property by an administrator in the event an administrator had been appointed was, we think, intended as an additional protection and benefit for the surviving members of the family, and not for the purpose of investing the administrator with exclusive possession thereof.

Entertaining these views, it follows that the judgment of the trial court must be reversed, and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.

Note.— See under (1) 24 C. J. p. 244.