## In re ESTATE OF BUCHANAN.

No. 17556.     Opinion Filed April 3, 1928.

(Syllabus.)

Executors and Administrators—Finality of Orders Made in Course of Administration of Estate When no Appeal Taken in Time.

When, during the course of the administra-

tion of an estate, orders are regularly made setting aside the homestead for the family use; setting apart the exempt personal property; making the widow an allowance; and no appeal is taken therefrom, when the time for appeal expires, in the absence of any statutory ground for setting the same aside, the orders become final.

Error from District Court, Blaine County; E. L. Mitchell, Judge.

In the matter of the estate of M. W. Buchanan, deceased; W. F. Hooper, executor. Demurrer sustained in county court to objections to certain orders filed by Mrs. H. E. Reinheimer, acting for two beneficiaries. On appeal to district court cause was remanded to county court for lack of jurisdiction, and the objectors bring error. Affirmed.

Seymour Foose and R. C. Brown, for plaintiffs in error.

J. P. Wishard, for defendant in error.

HEFNER, J. This case involves the final distribution of the estate of M. W. Buchanan, deceased. The deceased had been twice married. He had two children by his first wife, now Mrs. H. E. Reinheimer. The deceased left a will and left his estate in equal parts to his wife, Mrs. Ethel A. Buchanan; his son, Marion Murphy Buchanan; and his daughter, Anna Ida Buchanan.

The will was duly probated. There is no question raised as to any jurisdictional matter in the proceedings in probating the will. A general inventory of the estate was filed; the homestead was set apart for the use of the family; the exempt personal property was also set apart; and the surviving widow was given an allowance for her support during the proceedings in probating the will.

The final account, application to determine heirs, for distribution of the estate, and for final discharge of the executor was filed. The various orders were regularly made in the probate proceedings during the time the estate was being administered upon and no objections were made by any one until application was made for the final distribution of the estate, at which time Mrs. Reinheimer, the first wife, acting for Anna Ida Buchanan and Marion Murphy Buchanan, filed objections which may be briefly stated as follows:

(1) Setting apart and aside of the homestead to the family. (2) Setting apart, after separate inventory had been made and filed, the exempt personal property for the use of the family. (3) The allowance to the surviving family pending settlement of the estate. (4) That certain of the property

set aside as exempt for the use of the family was the property of the claimants. (5) That a report should be made of the use of the exempt property.

The objections are very long, but in the main we think the above is a fair statement of them. To these objections a demurrer was filed in the county court by the executor, W. F. Hooper. This demurrer was sustained and appeal perfected to the district court. Thereafter the case was filed in the district court and upon motion of the executor to remand the case to the county court for want of jurisdiction, an order was made remanding the same; from which order, the case is brought here.

Both the county court and the district court held that when no appeal was taken from the order setting aside the homestead nor from the other orders made in the course of administration, after the time for appeal had expired, in the absence of any statutory ground for setting the same aside, the orders became final and could not be questioned on the final distribution of the estate. We think this holding was correct. No cases are called to our attention announcing a different rule.

The judgment of the trial court is therefore affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 24 C. J. p. 268, §861; 29 C. J. p. 1034, §537.