Viola SPAIN et al., Plaintiffs-Appellees,

v.

Amelia KERNELL, Administratrix of the Estate of James H. Cully, Deceased, Defendant-Appellant.

No. 55367.

Supreme Court of Oklahoma.

Nov. 15, 1983.

---

G. Dale Elsener, Roberts & Elsener, Wewoka, for plaintiffs-appellees.

Raymond Criswell, Wewoka, for defendant-appellant.

OPALA, Justice:

The first-impression issue dispositive of this appeal is whether household furniture set apart, after the wife's death, to her surviving husband and a minor child, pursuant to the terms of 58 O.S.1981 § 311, became the property of the husband and of that child in equal shares or, following the child's attainment of majority and the husband's demise passed to the wife's residuary legatees. Our answer is that by operation of statute, 58 O.S.1981 § 316, title to the described personalty here in contest vested in the surviving husband and in the-then minor child in equal shares *absolutely free and clear* of any claims by the residuary legatees of the wife's estate.

The plaintiffs-appellees [heirs] in this action are six of the seven residuary legatees of the wife's estate. They are her surviving issue. The defendant in the case is the estate of the surviving spouse, the wife's second husband, who was the seventh distributee of the personal property residue of her estate. The heirs claim a 6/7th interest in the proceeds from the sale of household

furniture set apart, after the wife's death, to her surviving husband and a minor child, Ambrose.[1] Both the trial court and the Court of Appeals held against the husband's estate. We grant certiorari, reverse the trial court's judgment and remand the cause for further proceedings not inconsistent with this pronouncement.

When a decedent is survived either by a spouse or minor children, "household and kitchen furniture" constitutes nonprobate items of property to be set apart to the qualified survivors. 58 O.S.1981 § 311(7).[2] The cited section provides that *personal property,* which is to be set apart and "immediately delivered" to the qualified survivors, "is not to be deemed assets . . . [of the estate]".[3] The terms of 58 O.S.1981 § 316[4] clearly and explicitly provide that "[w]hen personal property is set apart for the use of the family, in accordance with the provisions of . . . [§ 311], [i]f the decedent left a widow or surviving husband . . . [and], also a minor child, the one-half (½) of such property shall belong to the widow or surviving husband, and the other half to the minor child . . .". Section 316 came to us from Comp.Laws Dak. 1887, § 5734. An identical provision in the North Dakota statutes was construed by the Supreme Court of that state in *Fore v. Fore,* 2 N.D.

260, 50 N.W. 712, 713 [1891]. In *Fore* the court held that when there are no minor children, personalty that is set aside to the surviving spouse *becomes the sole property of that spouse.*

■ Although the heirs do rely here on their *decreed* status as residuary legatees of *all* personalty in their mother's estate, the doctrine of res judicata—viewed as applicable in the dissent—will not support their claim or bar that of the husband's estate. The decree of distribution rendered in that probate deals *only* with personalty in the mother's estate. It is not a conclusive prior adjudication of the heirs' rights to the goods here in dispute. Household furniture—the personalty now in contention before us—was not a probate asset in the mother's estate. 58 O.S.1981 § 311. In conformity to both the terms of § 311 and of our *Cully*[5] opinion household furniture had been "delivered" to the husband and son as its statutory recipients. The decree of distribution *did not and could not* settle the ownership of these goods. This much clearly is facially apparent from the record before us viewed in conjunction with this court's opinion in *Cully's Estate.*[6] Even if the county court had in that probate mistakenly undertaken specifically to include

**1.** See *In Re Cully's Estate,* Okl. 276 P.2d 250 [1954] which dealt with, and settled, the contest over the wife's estate. *Cully* pronounces [at 253] *Oklahoma homestead laws applicable to this Indian estate.*

**2.** The terms of 58 O.S.1981 § 311 provide in pertinent part:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, except as in this title provided, until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age. *The title to the land set apart for the homestead property shall pass, subject to the right of homestead, the same as other property of the decedent and shall be included in the decree of distribution. And in addition thereto, the following property must be immediately delivered by the executor or administrator to such surviving wife or husband, and*

child or children, and is not to be deemed assets, namely:
 * * * * * *
7. *All household and kitchen furniture,* including stoves, beds, bedsteads and bedding. * * * " [emphasis supplied]

**3.** *Evans v. Miller,* 105 Okl. 289, 233 P. 199, 200 [1925].

**4.** The pertinent terms of 58 O.S.1981 § 316 provide:

"When personal property is set apart for the use of the family, in accordance with the provisions of this article [now 58 O.S. § 311 et seq.], if the decedent left a widow or surviving husband, and no minor child, such property is the property of the widow or surviving husband. *If the decedent left also a minor child, the one-half (½) of such property shall belong to the widow or surviving husband,* and the *other half to the minor child;* ". [emphasis supplied]

**5.** *In Re Cully's Estate,* supra note 1.

**6.** *In Re Cully's Estate,* supra note 1.

household furniture in the distribution of personalty—a fact *not* shown by the record—its decree would have been, to that extent, facially *coram non judice.* Upon the prior appeal from the decree of distribution in the mother's probate case this court *did not and could not* assume greater jurisdiction over her estate than the county court was itself able to exercise. *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531–532 [1939].

The heirs do not contend here that personalty required by § 311 to be "delivered" *dehors* probate may be a fit subject of testamentary gift to one who is *not* designated in § 316 as that property's owner. Because this question was not raised, we leave it unsettled. See in this connection our discussion in *Cully* concerning the validity of a testamentary disposition that operates to defeat homestead rights.[7]

Court of Appeals' opinion is accordingly vacated; the trial court's judgment is reversed and cause remanded for further proceedings not inconsistent with the ownership status pronounced herein.

BARNES, C.J., and IRWIN, HODGES and LAVENDER, JJ., concur.

SIMMS, V.C.J., and DOOLIN and WILSON, JJ., dissent.

HARGRAVE, J., not participating.

SIMMS, Vice Chief Justice, dissenting.

I must respectfully dissent. The interest James Cully had in this furniture, which is the only issue before us today, was settled in 1954 in our decision of *In re Cully's Estate,* Okl., 276 P.2d 250.

Cynda Cully had disinherited James and their minor son as to both real and personal property. She had bequeathed all her "household goods and effects, [and] furniture" to a daughter of a prior marriage. Supra, at 252. In that appeal, the *Cully* Court affirmed the trial court's judgment awarding James "a child's part, or one-seventh interest in any and/or all of [this] personal property." At 254.

The parties now ask us to decide whether these items were his sole property so that his estate is entitled to all the proceeds, or whether he had merely a possessory interest with limited ownership rights.

The trial court and Court of Appeals held that because our opinion in *Cully's Estate* had limited James' interest to one-seventh or a child's share, his estate was entitled to only one-seventh of the proceeds of the sale. In my opinion, the judgment of the trial court and Court of Appeals in the instant case is clearly correct and is compelled by *Cully's Estate,* supra, which is the law of this case.

The majority also errs in its suggestion that the decision in *Culley's Estate,* is jurisdictionally defective because the trial court included the furniture in the probate distribution. That judgment was properly within the jurisdiction of the trial court. The court had the power to render the judgment and it became final and conclusive as to the ownership of this furniture. See, e.g., *In re Buchanan's Estate,* 130 Okl. 148, 265 P. 1056 (1926); *Funk v. Baker,* 21 Okl. 402, 96 P. 608 (1908). *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531 (1939) is inapposite to this action.

This is a collateral attack on a 30 year old valid, final judgment. The Court should recognize it as such and refuse to disturb the pronounced law of the case.

I would deny certiorari.

---

7. *In Re Cully's Estate,* supra note 1, at 253.