## FLOYD v. MOSIER.

The surviving widow is, as to the homestead, as much the head of the family, and entitled to control the rents and profits of the same, as was the husband when living.

As children are competent witnesses for their father, if living, in any controversy that may arise as to rents due from any tenant on the homestead, so, in like manner, are they competent for the mother, under similar circumstances.

The presumption is, that the court below acted correctly, and had before it such a state of facts as justified its ruling.

Error must be made to appear affirmatively.

### Appeal from the Davis District Court.

ABRAHAM FLOYD died, leaving the plaintiff as his widow, with her family, in possession of a tract of land, which she, as his surviving widow and head of the family, continued to

occupy and possess as the homestead farm. Whether it exceeded forty acres, is not shown. A portion of this tract she rented to the defendant. This suit was brought for an alleged breach of that contract. On the trial, the plaintiff introduced two of her children, heirs of the said decedent, to sustain her cause of action. It appears that said witnesses resided with their mother, and made their home on this homestead farm; that the land had never been partitioned; and that they were entitled by descent (there being no will), to a portion of the same. The defendant objected to the witnesses as being interested and incompetent, which objection was overruled, and they were allowed to testify, and gave testimony material to the plaintiff's cause. This ruling is now assigned for error.

*Palmer & Trimble*, for the appellant.

WRIGHT, C. J.—The record discloses no sufficient cause for reversing this judgment. By the Code, upon the death of the husband or wife, the survivor has a right to continue to possess and occupy the whole homestead, until it is otherwise disposed of, according to law. If there is no such survivor, then it descends, in the absence of a will, to the issue, according to the general rules of descent. If no such survivor or issue, it is liable to be sold for the payment of debts. Subject to the rights of the surviving husband or wife, it may be devised, like other real estate. When there is such surviving widow, such homestead, as exempted property, is not assets in the hands of the administrator, but, after being inventoried without appraisement, shall remain with her and the family, until disposed of according to law. *Vide* §§ 1263, 1264, 1265, 1266, and 1329 of the Code.

As we understand these sections, and the whole policy of the Code on the subject of the homestead, the surviving widow is, as to such homestead, as much the head of the family, and entitled to control the rents and profits of the same, as was the husband, when living. And, therefore, as the children would be competent witnesses for the father,

if living, in any controversy that might arise as to the rents due from any tenant on such homestead, so, in like manner, would they be for the mother. By the law, she has a right to possess and occupy it, and upon her death, it descends to the proper heirs. During her life it is reserved to her, unless she voluntarily surrenders it, and her children are just as competent witnesses in a controversy between her and her tenant thereon, as if it related to any other independent subject matter. It is true, that the amount collected would be so much in her hands, to assist in their support and maintenance, and so it would be in the hands of the father, if living, or in hers, if collected on any other contract. When collected, it does not go into their pockets, nor is it by the law, to be divided between her and such children; but she takes it to use as the head of the family, and the owner during life of such homestead. To collect such rent, they are not necessary parties, but she alone sues for a sum, in which they have no such direct, certain, and legal interest, as should disqualify them.

The case has, however, been argued by appellant, as if the record disclosed that there was more land occupied by the widow, than is allowed as a homestead; or upon the hypothesis, that the record does not show that the premises rented were on the homestead. As to this, it is sufficient to say, that the fact that it was the legal homestead, or that the premises rented were on the same, is not negatived; and we will not presume a state of facts outside of the record, in order to find error. If it was the legal homestead, they were competent witnesses. If it was not such homestead, then it should appear affirmatively, before the question of their competency in that state of the case, could arise. The presumption is that the court below acted correctly, and had before it such a state of facts as justified the ruling. Error must be made to appear affirmatively. This has been too frequently settled in this court, to need either argument or authority to now sustain it.

Judgment affirmed.