NICHOLAS v. PURCZELL.

1. Dower: WIFE. *Burns* v. *Keas, ante,* as to dower approved and followed.

2. Homestead: OCCUPANCY BY SURVIVOR. When the wife survives the husband she is entitled to the use and occupancy of the homestead, and her marriage with a second husband does not deprive her of that right or entitle the heirs at law of the husband to a partition.

3. —— PARTITION. In the partition of the real estate of the husband in cases in which the widow, as his heir at law, takes one-half his estate, she cannot be compelled to take the homestead as a part of her share.

*Appeal from Louisa District Court.*

SATURDAY, OCTOBER 13.

. THIS is a proceeding for the partition of certain real estate formerly belonging to John Nicholas, now deceased, he having died without issue. The plaintiffs are the brothers and only heirs at law of said John Nicholas, deceased. The defendant, Matilda Purczell, is his widow, and Thomas Purczell is her second husband. The defendant, Matilda, claims forty acres of the land sought to be partitioned, as her homestead. It is shown that it was

used by her first husband, John Nicholas, and herself, as a homestead for five years prior to his decease; and by her alone and with her second husband seven years since that time. The plaintiffs ask a partition of the homestead as well as the other lands. The District Court partitioned the other lands than the homestead, as prayed for by plaintiffs, giving them one-half, and the defendant Matilda one-half; but refused to partition the homestead or to take it into account with the making of the partition of the whole. The plaintiffs appeal.

*D. C. Cloud* for the appellants.

*J. Tracy* and *John Bird* for the appellees.

COLE, J.—This is not a proceeding for the assignment of dower, and it is not necessary for us to consider the various statutes in relation to dower, in order to determine this case. The plaintiffs, in their petition, set forth that they, as brothers of John Nicholas, are entitled to one-half of his real estate, and that the defendant, Matilda, as his widow, is entitled to the other half, he having died without issue. That they have not misapprehended the law, in this particular, to their prejudice, is decided in *Burns et al.* v. *Keas et al.*, *ante*.

1. DOWER: wife.

Our homestead statute provides: Revision, "Section 2295 (1263). Upon the death of either husband or wife the survivor may continue to possess and occupy *the whole homestead* until it is otherwise disposed of according to law." The right of the wife to possess and occupy the whole of it, and without partition, is thus expressly provided for, and no court ought to be willing, as it has not rightfully the power, to disregard this most beneficient provision. The concluding words, "until it is otherwise disposed of according to law," do not affect the right of the defendant, Matilda, to possess and

2. HOME-STEAD: occupancy by survivor.

occupy the whole of the homestead under the facts of the case. That language may refer to cases where the homestead is liable for an antecedent debt, as provided for in section 2281 (1249) of the Revision; or to cases where the title of the owner is less than a fee, and terminates under conditions annexed to the title by contract or by law; or to cases of alienation, by the parties having right to convey, or other cases not needful to mention. Of course we do not, as it is not necessary for us to, determine in whom the legal title vested upon the death of John Nicholas, the owner; nor what will be the rights of the plaintiffs upon the termination of the homestead character of the property. All that we do decide is, that the homestead, under the facts of this case, is not now liable to partition at the suit of these plaintiffs.

Nor have they the right to say that the widow shall take the whole homestead in her half of the entire real estate; for that necessarily involves the right 3. ——parti-tion. of partition. If partition could be made when the estate or interest was large enough to give the widow the whole homestead, it could, logically, be made when she would receive less, and thus override the letter and spirit of the homestead statute. The survivor has the right to possess and occupy the whole homestead, and also, in case of no issue, to one-half the other estate of the deceased.

It follows, therefore, that there was no error in the judgment of the District Court, and the same will be affirmed, without prejudice to any present or future contingent rights in the homestead property.

Affirmed.