## SIZE v. SIZE.

Homestead: PARTITION OF. Where the husband dies invested with the title to the homestead, his widow does not take the fee as his survivor, and she cannot, after a second marriage, abandon, sell and convey the same to another with a view of investing the proceeds in another homestead. In case of such sale and abandonment, the children are entitled to a partition of the homestead.

*Appeal from Linn District Court.*

### WEDNESDAY, JUNE 3.

HOMESTEAD : PARTITION OF, ETC. — In September, 1862, Roswell Size died intestate, seized of the forty acres of land in controversy. He left a widow and four children. The land now in question was the homestead, the title to which was in the said Roswell. The plaintiff is one of the children, and has attained his majority, and in this suit demands partition of the land. The widow, since intermarried, is made defendant; also Edward Lytle and the other heirs of the said Roswell, some of whom are minors.

The answer of the widow states, that the land of which partition is sought, was the homestead of the said Roswell and family ; that after his death, she continued for a time to occupy it as the homestead, and subsequently sold and conveyed it in fee to the said Lytle, and that she had not yet re-invested the proceeds received for the homestead in the purchase of another. Lytle, in his answer, claimed the title in fee by virtue of his conveyance from the widow. On these facts the District Court held, that the land was not subject to partition. The plaintiff excepted and appeals.

*Thompson & Davis* for the appellant.

*Preston & Son* for the appellee.

Size v. Size.

DILLON, Ch. J. — The legal title to the homestead descended to the heirs at law, subject to the widow's homestead and dower rights. The nature of these rights is discussed, and to some extent adjudicated, in *Meyer* v. *Meyer*, 23 Iowa, 539. And see also *Burns* v. *Keas*, 21 Iowa, 257.

The widow here claimed, that she was invested with the fee, and undertook to convey accordingly. That in such a case she does not take the fee, and of course cannot convey it, is decided by the cases just cited. The conveyance to Lytle may be operative so far as the widow's dower third is concerned; but it will not invest him with the possessory homestead right which the widow would have had, if she had not sold and conveyed, and had remained in possession.

Lytle could not assert the homestead right of the widow to defeat the plaintiff's demand for partition. The widow having sold and conveyed, and not continuing to possess and occupy the premises, had at that time no homestead right.

What effect a rescission of the contract with Lytle, and resumption of possession by the widow, would have in respect to the plaintiff's rights, we need not inquire. The record makes no such case. It follows from this view, that, where the fee of the homestead is in the husband, the widow on his death does not take the fee as survivor, and that she cannot change the homestead in the manner here attempted, viz., by a sale and conveyance on her own motion.

Perhaps a court of chancery might authorize such change upon proper application, it taking care to see that the title to the new homestead shall be held the same as the old. The judgment below is reversed, and the cause remanded.

Reversed.