NILS N. FORE, Administrator of the Estate of NILS L. FORE, Deceased, Plaintiff and Appellant, *v.* THE ESTATE OF LARS N. FORE, Deceased, Defendant and Respondent.

### Allowance to Widow—Rights in Homestead.

1. Under § 5779, Comp. Laws, it is the duty of the probate court to set apart, for the use of the family of the decedent, personal property, in addition to the specific articles mentioned in § 5778, Comp. Laws, not to exceed in value the sum of $1,500, and the property so set apart does not belong to the assets of the estate to be distributed to the heirs of the decedent.

2. When the decedent left a widow, but no minor child, the property thus set apart for the use of the family becomes the absolute property of such surviving widow, under § 5784, Comp. Laws.

3. When a party dies seized in fee of land occupied and used by himself and family as a homestead at the time of his death, his surviving widow is entitled, as against his heirs or devisees, to occupy and possess the whole of such homestead as long as she preserves its homestead character by maintaining her home thereon, and the fact of her second marriage does not impair this right.

(Opinion filed December 2, 1891.)

*A*PPEAL from district court, Traill county; Hon. WILLIAM B. MCCONNELL, Judge.

*A. B. Levisee,* for appellant.    *F. W. Ames,* for respondent.

Proceeding by Nils N. Fore, administrator of Nils L. Fore, deceased, against the estate of Lars N. Fore, deceased. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts and authorities relied on by counsel are fully set out in the opinion of the court, which was delivered by

BARTHOLOMEW, J.    On appeal from an order entered by the probate court of Traill county to the district court this case was submitted upon an agreed statement of facts, which we re-

produce so far as necessary for a proper understanding of the points decided. Lars N. Fore died intestate in Traill county, in January, 1887, leaving surviving him a wife, but no issue, and his father, Nils L. Fore, as his only heirs at law. In due course an administrator of the estate was appointed and qualified, and proceeded to the discharge of his duties. At the time of his death Lars N. Fore was the owner of 240 acres of land, upon 160 acres of which, all lying in one body, he, with his wife, resided, using the same as a homestead. The inventory of his personal property amounted to over $1,800. After the death of Lars N. Fore his widow continued to reside on the homestead, and in about nine months she intermarried with one Frigstadt, and still continued to reside and make her home, with her second husband, on such homestead. Under the orders of the probate. court the administrator turned over to the widow property known as "absolute exemptions," to the value of $153, and, in addition thereto, other personal property, for her use, of the value of $1,496. In the final settlement the administrator was credited with said amounts, and the probate court refused to include the homestead in the property distributed to the heirs of Lars N. Fore in the final decree settling the estate. While the case was pending in the district court, Nils L. Fore died, and his administrator, Nils N. Fore, was substituted as a party to the action. The district court sustained the action of the probate court, and the administrator of Nils L. Fore appeals the case to this court.

The appellant claims that the court erred in allowing the widow personal property to the amount of $1,496 in addition to the absolute exemptions, and in postponing the distribution of the land embraced in the homestead of Lars N. Fore to his heirs, until after the surviving widow ceased to occupy the same as a home. Section 5778, Comp. Laws, reads as follows: "Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age; and, in addition thereto, the following personal property must

be immediately delivered by the executor or administrator to such surviving wife or husband, and child or children, and is not to be deemed assets, namely: (1) All family pictures; (2) a pew or other sitting in any house of worship; (3) a lot or lots in any burial ground; (4) the family Bible and all school books used by the family, and all other books used as a part of the family liabrary, not exceeding in value one hundred dollars; (5) all wearing apparel and clothing of the decedent and his family; (6) the provisions of the family, necessary for one year's supply, either provided or growing, or both, and fuel necessary for one year; (7) all household and kitchen furniture, including stoves, beds, bedsteads, and bedding, not exceeding one hundred and fifty dollars in value." Section 5779 contains the following: "In addition to the property mentioned in the preceding section, there shall also be allowed and set apart to the surviving wife or husband, or the minor child or children of the decedent, all such personal property or money as is exempt by law from levy and sale on execution or other final process from any court, to be, with the homestead, possessed and used by them." We first notice the objections to the allowance of personal property amounting to $1,496 to the widow for her use. Section 5127, Comp. Laws, absolutely exempts from levy and sale on execution all the specific property mentioned in § 5778, above quoted, except the 7th subdivision. It also specifically exempts the homestead. The following section (5128) reads as follows: "In addition to the property mentioned in the preceding section, the debtor may, by himself or his agent, select from all other of his personal property, not absolutely exempt, goods, chattels, merchandise, money, or other personal property, not to exceed in the aggregate fifteen hundred dollars in value, which is also exempt, and must be chosen and appraised as hereinafter provided." The argument is that the property that may be set apart for the use of the widow under § 5779 cannot be the same property mentioned in § 5128, because the property to which the widow is entitled is "all such personal property or money as is exempt by law from levy and sale on execution," while the property mentioned in § 5128, it is claimed, is not exempt by law, but by the act of the debtor in selecting the

same. But this construction, as is readily apparent, destroys the statute. The legislature had already, by § 5778, set off to the widow all the specific property that the law absolutely exempts, and more; and hence, if appellant's construction be correct, there was nothing whatever for § 5779 to act upon, and its presence in the statute is entirely superfluous. The wording of the statute does not require any such narrow construction. Section 5128 exempts "goods, chattels, merchandise, money, or other personal property, not to exceed in the aggregate fifteen hundred dollars in value, which is also exempt, and must be chosen and appraised as hereinafter provided." The law creates a general present exemption to the amount of $1,500. The debtor, by his selection, converts this general exemption into a specific exemption. The law requires him to make the exemption specific in that manner or waive it. The power that he has is not to create an exemption but to waive one that the law has already created for his benefit. We do not understand the case of Mann v. Welton, 21 Neb. 541, 32 N. W. Rep. 599, cited by appellant, to conflict with those views, but rather to sustain them. In that case there was exempt "the sum of five hundred dollars in personal property." The debtor was required to make a sworn inventory, and that was followed by an appraisement and selection. The debtor took no steps to make the exemption attach to any specific property, but brought replevin against the officer. The court said that when the selection was made, "then, and not until then, does the character or quality of exemption attach to the specific property to the extent that replevin may be maintained for its possession." Had the husband lived, he could, as against any legal process, have held all the property that was turned over to the widow for the support and maintenance of his family. We cannot think that the legislature intended to give the family less protection when the husband and father was dead than when he was living. See Bank v. Freeman, 1 N. D. 196, 46 N. W. Rep. 36.

It is also contended that the property so set apart to the widow is only to be "possessed and used" by her temporarily, and must be accounted for in the final distribution of the estate. Whatever may be the holding in other states, our statutes are

clear and explicit to the contrary. Section 5784, following in the same chapter with the sections specifying what shall be set apart for the use of the family, says: " When personal property is set apart for the use of the family in accordance with the provisions of this chapter, if the decedent left a widow or surviving husband and no minor child, such property is the property of the widow or surviving husband." We quote so much of the section as covers this case, and there can be no doubt of its meaning. The ruling of the court upon the disposition of the personal property was clearly right. The respondent contends that, upon the death of the husband, his widow surviving him, and he being seized in fee of the land then occupied by himself and his family as a homestead, and dying intestate, the fee to the homestead goes to his heirs at law, under the statute of descent; but that the homestead right, incuding the right to possession, whether the husband died testate or intestate, survives, and passes to his widow, to be enjoyed by her so long as she continues to occupy the premises as a homestead. Appellant takes issue upon the last proposition, and claims that the homestead right of the widow, including the possession and usufruct, ceases and determines at the final settlement and distribution of the estate. The decision of the issue involves a construction of that portion of the statute heretofore quoted, which reads: " Upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." This language which we are called upon to construe was taken from the statutes of Iowa, where it appears in the exact form we find it in our law. Code Iowa, § 2007. The context, however, was somewhat changed to conform to our different policy. In Iowa, the next following section (2008) provides that " the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased." The distributive share thus spoken of is one-third in value of all the legal or equitable estate possessed by the deceased at any time during marriage,

and which has not been sold on judicial sale, and to which the survivor has relinquished no rights. See Id § 2440 And this share is not affected by will, unless the survivor consents thereto. Id § 2452. There is nothing in our law corresponding with §§ 2008, 2440, and 2452 of the Iowa Code. Under those statutes the right of the survivor to possess and occupy the homestead for life has been repeatedly declared. Floyd v. Mosier, 1 Iowa 512; Burns v. Keas, 21 Iowa 257; Size v. Size, 24 Iowa 580; Meyers v. Meyers, 23 Iowa 359; Butterfield v. Wicks, 44 Iowa 310; Mahaffy v. Mahaffy, 63 Iowa 55, 18 N. W. Rep. 685. And it has also been held that during such occupancy the heirs cannot interfere therewith, nor claim partition. Nicholas v. Purczell, 21 Iowa 265; Dodds v. Dodds, 26 Iowa 311. But it has also been held that such occupancy cannot be claimed in addition to the distributive share. Meyer v. Meyer, *supra;* Butterfield v. Wicks, *supra;* Smith v. Zuckmeyer, 53 Iowa 14, 3 N. W. Rep. 782. The survivor holds this distributive share exempt from the debts of the decedent. Mock v. Watson, 41 Iowa 244; Kendall v. Kendall, 42 Iowa 464; Thomas v. Thomas, 73 Iowa 657, 35 N. W. Rep. 693. The supreme court of Iowa, under these statutes, hold that, while the survivor is entitled to occupy the homestead for a reasonable time in which to make a selection between a life-estate in the homestead and the distributive share provided by law (Cunningham v. Gamble, 57 Iowa 46, 10 N. W. Rep. 278), yet continued occupancy of the homestead will be held an election to take the homestead for life (Conn v. Conn, 58 Iowa 747, 13 N. W. Rep. 51; Butterfield v. Wicks, *supra*; Holbrook v. Perry, 66 Iowa 286, 23 N. W. Rep. 671.) By § 2455, Code Iowa, it is provided that, if the intestate leave no issue, one-half of his estate shall go to his family and the other half to his widow. In Burns v. Keas, *supra*, it was held that in such case the widow takes one-third of her distributive share and one-sixth as heir; and in Smith v. Zuckmeyer, *supra*, it is held that in such a case, where the survivor elects to hold the homestead for life, he thereby surrendered the one-third or distributive share only, and that, as to the fraction which he took as heir, it was not affected by his continuous possession of the homestead.

We desire now to call attention to certain further provisions of our statute. The estates of dower and curtesy are unknown to our laws (§§ 2594, 3402, Comp. Laws); nor have we any estate that corresponds therewith. The husband and the wife are heirs at law to each other's estates, the portion which each will inherit in the estate of the other depending upon the presence or absence of certain other heirs, and may be one-third, one-half, or the whole thereof. § 3401, Id. But the entire estate of either husband or wife may be disposed of by will, subject to the homestead rights of the survivor as declared by law. § 2466, Id. While our statute as to the rights of the surviving husband or wife seems to be largely patterned after the Iowa statute, yet it is apparent that the differences are such that the Iowa decisions are largely inapplicable here. With us, the survivor has no "distributive share" whatever. All that goes to the survivor, aside from the personal right to possess and occupy the homestead, is taken as heir. Nor is there any provision or necessity for an election between rights as survior and the rights as heir. There is no intimation that both rights may not be enjoyed, and both at the same time. The only Iowa case on this point that would seem applicable to our condition is Smith v. Zuckmeyer, and that, so far as applicable, is authority for the ruling of the trial court. It is claimed, however, that a fair interpretation of this language of our statute forces the conclusion that some disposition of the homestead estate was thereby intended, aside from a voluntary disposition on the part of the survivor, and aside from possession on her part to the exclusion of the co-heir, and that such disposition would terminate her homestead right without regard to her will or wishes. More felicitious language might undoubtedly have been used to express the single thought that the survivor might continue to possess and occupy the homestead as long as she preserved its homestead character and occupied it as a home. But we think the legislature had in view also the fact that there might exist a mortgage upon the homestead property, executed by both husband and wife, or that the taxes thereon might not be paid, and the homestead become liable therefor under § 2452, Comp. Laws, or that it might be

liable for a mechanic's lien under the same section, or for some portion of the purchase price thereof under the succeeding section. In either of these events it might be disposed of according to law, and the occupancy of the survivor thus terminated. But we do not think it was the intention of the legislature that the survivor should be disturbed in this occupancy, so long as the premises remained the home of the survivor, by any co-heir or devisee, and we will briefly state some of the reasons which force that conclusion. Ample provision for the establishment of the home and maintenance of the family has ever been the fixed policy in this jurisdiction. As we have seen, our exemptions of personalty are unusually liberal; and these exemptions go to the family of a decedent, and cannot be disposed of by will, or taken for debts, except where there are no other assets available for the payment of the expenses of decedent's last illness, funeral charges, and expenses of administration. § 5779, Id. The law also, prior to the passage of chapter 67, Laws 1891, allowed a homestead to the extent of 160 acres of land if in the country, and unlimited as to value. (Under the law last mentioned the homestead is fixed at a valuation of $5,000, independent of quantity, and other changes are made in the homestead law; but, as this case falls under the prior law, and as the changes do not affect the questions at issue, we need not particularly notice them further.) The fee of the homestead may be owned by either husband or wife, but such owner has no power to convey or incumber such homestead without the concurrence of the husbaud or wife. Comp. Laws, § 2451. The homestead of Lars N. Fore was not subject to the payment of any of his debts. Id § 5781. It is too plain for question that these various provisions were intended not for the benefit of the husband and father, but for that of the family— and a widow, though without children, constitutes a family, within the meaning of the homestead law (Id § 2450); and it would be strangely inconsistent if the benefits to which the family were entitled during the life-time of the husband and father should be taken away from them by the law immediately upon his decease—the very time when they most needed these benefits. The widow has no absolute rights in the property of

her deceased husband except her right to the homestead as survivor. All other estate may be devised. If that right extends only during administration, then the law which prevents him from conveying or incumbering that homestead is of no benefit to the family. He is liable for their support while he is living, and if, by will, he can deprive them of that homestead as soon as his estate can be settled, it would seem a useless requirement to prohibit its sale during his life. Again, "subject to the rights of the surviving husband or wife, as declared by law, the homestead may be devised like other real property of the testator." Id § 2466. In no case is a devisee entitled to come into possession of his devise until the estate is settled and distributed. If, as appellant claims, the widow's right of possession as survivor ceases at the same time, why were the devisee's rights made subordinate to hers? The two rights could not clash; one ceasing when the other began. On the other hand, if her right of possession as such survivor continues as long as she continues to reside and make her home upon the property, then the section would have force and be necessary. Again, "upon the death of both husband and wife, the children may continue to occupy the homestead until the youngest child becomes of age." Id § 5778. It is certain that as to the children, when both parents are dead, the right to occupy the homestead does not cease when the estate is settled. It may continue for twenty years longer. If appellant's position be correct, we would have the following results: When a party possessed of a homestead dies, leaving surviving him a widow and children, the law will, immediately upon the settlement of his estate, deprive that family of its home, and the property will go to the devisee, or be subject to partition among the heirs at law, as the case may be. But if that same party die, leaving surviving him children only, the law cannot so seize upon the homestead, but the same may remain in the possession of the children until the youngest attains majority. Can any plausible reason be assigned for this distinction? None suggests itself to us. Keeping in mind the entire statute and the undoubted policy of our laws, it seems clear that the purpose of this law is that, upon the death of the husband and father,

the widow should continue to possess and occupy the homestead with the children during her entire life, if she so elect, and upon her death the children may continue so to possess and occupy the homestead until the youngest child becomes of age, so that at no time, until the youngest child reaches the period when the law declares him able to care for himself, shall this family be without a home, or—in case the homestead be a farm—without the means of obtaining a livelihood. But this occupancy, either of the surviving widow or children, would be terminated by any disposition of the homestead according to law, as hereinbefore indicated. In view of the facts of this case we deem it proper to add that the statutes will be searched in vain for any intimation that the widow's rights as survivor are affected in any manner by the absence of issue or by the fact of a second marriage. This last point is directly ruled in Nicholas v. Purczell, *supra.* To the point made by appellant that a homestead interest cannot attach to property owned in common, we reply that such is the case only where the common ownership is prior in point of time to the initiation of the homestead right. In this case the homestead right existed before descent cast. It existed in the life-time of the decedent, and he was powerless to destroy it. The subsequent ownership in common of the fee cannot affect the prior right. The judgment of the district court is in all things affirmed. All concur.