ANDREW FEHD, Appellee, v. THE CITY OF OSKALOOSA, IOWA, Appellant.

**Nuisance:** DAMAGE TO HOMESTEAD: WHO MAY SUE. Upon the death of the husband the wife is entitled as the head of the family to occupy the homestead for life; and an unmarried son continuing to reside in the homestead with his mother and to pro-

vide for her cannot maintain an action for accrued diminution of the rental value of the property, even though the father willed the same to him, without showing that he had in some manner acquired his mother's life estate.

**Same:** DAMAGE FOR DISCOMFORT: INSTRUCTION. Under the foregoing 2 circumstances an instruction that if it appeared from the evidence that plaintiff and his family had suffered inconvenience and discomfort by reason of the alleged nuisance he could recover therefor was erroneous, as assuming that plaintiff had a family which so suffered, which is a question for the jury to determine.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

SATURDAY, OCTOBER 24, 1908.

ACTION to recover damages for a nuisance created by defendant in discharging its sewage in proximity to plaintiff's land. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*C. C. Orvis,* for appellant.

*O. N. Downs, O. C. G. Phillips, Gleason & Preston,* and *H. H. Sheriff,* for appellee.

DEEMER, J.—Plaintiff averred that he was the owner and possesser of a certain three acres of land, and "that said land was the homestead of the father, now deceased, and has been in the possession of the family for many years last past." He asked and was allowed as damages depreciation in the rental value of the premises from June 16, 1905, to May 15, 1907. The jury were also instructed as follows: "Also, if you find from a preponderance of the evidence that the plaintiff and his family in their home and house suffered inconvenience and discomfort by reason of the alleged nuisance, then

you may allow an additional sum as damages in such
reasonable sum under the evidence as will compensate
the plaintiff for such inconvenience and discomfort suf-
fered by the plaintiff and his family, caused by reason
of said nuisance, if any; the plaintiff's damages in all not
to exceed the sum of $850, the sum claimed in the peti-
tion." The verdict was for $200. Defendant's motion
for a new trial was overruled, and judgment was entered
upon the verdict.

It appears from the testimony that plaintiff's father,
Frederick, now . deceased, was during his lifetime the
owner of the property now claimed by plaintiff, that by
will of date March 14th he devised the same
to plaintiff, and that since the death of the
father, which occurred some time during
the year 1905, plaintiff and his mother have used and oc-
cupied the premises. These premises were the homestead
of the father, and since his death they have been occupied
by plaintiff and his mother. Plaintiff is an unmarried
man, and he testified that he and his mother lived upon
the premises, and that he lived with her or she with
him, he did not know which; that he furnished some of
the groceries and whatever was needed in the house
for the past fifteen years; that his father owned some of
the household goods, and he a part; and that he was
supplying most of the necessaries. The will did not men-
tion the widow, nor did it give her anything. At the
conclusion of plaintiff's evidence, defendant moved for a
verdict in its favor, because plaintiff had not shown owner-
ship of the property, nor any right to maintain the action.
This was overruled, and when the court came to instruct
the jury it said that the undisputed evidence showed
plaintiff to be the owner of the property, and that he
had been such owner since June 16, 1905. It should
also be stated that the will referred to was admitted to
probate July 5, 1905, that plaintiff was the executor there-

1. NUISANCE:
damage to
homestead;
who may sue.

of, that he filed his final report as such executor and was discharged August 3, 1906.

Before the death of the father, it is clear that plaintiff was not the head of a family, although supplying part or all of the supplies. *Whalen v. Cadman,* 11 Iowa, 226. Presumptively the father was the head of the family before his death, and the homestead was his for the benefit of his family. Upon his death his widow was entitled to the homestead under the provisions of sections 2973 and 2985 of the Code. There was no provision in the will for the widow in lieu of dower, and it does not appear that she has made any election to take her distributive share in lieu of dower, or that she has done anything to forfeit her right to occupy the premises until her distributive share is set aside. Upon the death of her husband she was entitled to possess and occupy the same until it was otherwise disposed of according to law. The probate of the will did not deprive her of that right; nor does it appear that she ever knew of or assented to the contents of the will. As widow she would be deemed the head of a family and entitled to the entire property for life, should she desire to use it as a homestead. She has never sought to have her distributive share set aside; nor has plaintiff done anything to deprive her of her right either to the homestead or to her distributive share. Indeed, he does not pretend to say, even inferentially, that his mother has abandoned any of her rights. He was not certain whether he lived with his mother, or she with him. In order to show title and right of possession in himself, it was necessary for him to prove in some manner that his mother's rights were extinguished. He is not suing for, nor was he allowed, damages to the reversion, but damages for certain years during which he and his mother occupied the premises in the manner before stated. Under such circumstances the mother was entitled to the rents and profits and for all

damages due to interference with the possession or to diminution of the rental values. Our previous decisions are very clear upon this proposition. *Nicholas v. Purczell,* 21 Iowa, 265; *Floyd v. Mosier,* 1 Iowa, 512; *Cain v. Railroad,* 54 Iowa, 255; *Burdick v. Kent,* 52 Iowa, 583; *Dodds v. Dodds,* 26 Iowa, 311; *In re Estate of Ring,* 132 Iowa, 216; *Sheehy v. Scott,* 128 Iowa, 551. Plaintiff showed no arrangement with the mother whereby he was entitled to the possession of the land, or to its rents and profits; and, as his claim was for diminution of the rental value during the years 1905 and 1906, he did not show himself entitled to recover, and the trial court was in error in instructing that he was the owner of the premises and entitled to the damages for which he sued.

II.  The instruction with reference to inconvenience and discomfort to plaintiff's family, heretofore quoted, was erroneous, because it assumed that plaintiff had a family which so suffered. Conceding that such matters might be considered in awarding damages, it was a question whether or not plaintiff was the head of a family, which the jury was to determine from the evidence adduced. We are inclined to the view that plaintiff did not offer sufficient testimony to justify such an instruction.

2. SAME: damage for discomfort: instruction.

Other matters are complained of; but, as they are not likely to arise upon a retrial, they will not be considered. We are not to be understood as holding that a tenant may not recover damages for nuisance, or that one in the rightful occupancy of real property may not do so; nor do we hold that a widow may not relinquish her homestead rights. But none of these questions are in the case as now presented.

For the errors pointed out, the judgment must be and it is, *reversed.*