JAMES A. TYVAND v. EMMA McDONNELL, as Administratrix of the Estate of John A. McDonnell.

(164 N. W. 1.)

County courts — probate jurisdiction — orders of — application for — issued on own motion.

1. County courts may make, in the exercise of their probate jurisdiction, two kinds of orders: First, orders which are based upon a written application; second, orders which they may make at their own discretion on their own motion, without a written application.

County courts — family maintenance — additional allowance — orders for — estate — claim against — discretion of court.

2. Where the county court, in compliance with § 8727, Compiled Laws of 1913, by its order makes additional allowance for the maintenance of the family, even though such order is one allowing a claim against the estate after the time has expired in which claims may be filed against the estate, such order is a valid order, being one which the court had authority to make under § 8728, Compiled Laws of 1913, being such an order as was addressed to the sound discretion of the court, and was a discretionary order.

Opinion filed July 9, 1917.

Appeal from the District Court of Bottineau County, A. G. Burr, J. Affirmed.

*John H. Kirk* and *Cray & Eaton,* for appellant.

It is invariably held that debts contracted by the widow and heirs of a deceased person are not debts of the estate and cannot be enforced against the estate.   Harkins v. Hughes, 60 Ala. 316; Hulbert v. Waller, 3 Colo. App. 250, 32 Pac. 985; Normand v. Barbin, 18 La. Ann. 611; Potter v. Potter, 64 Vt. 298, 23 Atl. 856; Carter v. Tippins, 113 Ga. 636, 38 S. E. 946.

*Coger & Nelson,* for respondent.

The county court acting in its appropriate sphere in ordering an allowance for the maintenance of the family has exclusive jurisdiction, equal in degree to that of the district court, and is a court of record, and its judgment becomes final, in the same manner as do the judgments of other and superior courts.   No appeal was here taken, and the judgment in relation to the matter here involved became final.   Joy v. Elton, 9 N. D. 438, 83 N. W. 875.

The county court had jurisdiction in this case, and its order is a sufficient and legal exercise of its power.   Worner, Am. Law of Administration, 189; Re Lux, 100 Cal. 606, 35 Pac. 345; Dickinson v. Hendrickson, 122 Mich. 538, 81 N. W. 583; Huntley v. Denny, 65 Vt. 185, 26 Atl. 486; Simmons v. Byrd, 49 Ga. 285; Milner v. Vandivere, 86 Ga. 540, 12 S. E. 879; Cross v. Johnson, 82 Ga. 67, 8 S. E. 56; Shepard v. Stebbins, 48 Hun, 247.

GRACE, J.   The action is one to recover the balance on account for goods, wares, and merchandise sold and delivered by the respondent to the appellant.   It appears that this matter having first come up for determination in the probate court of Bottineau county, after such determination of the probate court an appeal was taken therefrom to the district court of Bottineau county.   It does not appear after the matter reached the district court that any regular pleadings were ordered filed nor issue formed in a formal manner, as should have been done.   The matter was brought on by petition in the probate court, and after the appeal to the district court the matter was heard on the same petition. We will therefore state the facts of the case as they appear from the record, and thus be able to determine what is the issue involved in this action.

One John A. McDonnell died on or about the 10th day of January,

1903, in Bottineau county, North Dakota, possessed of the following described real estate in the county of Bottineau and state of North Dakota, to wit: The northwest quarter and the north half of the southwest quarter, and the northwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter, all in section 26, township 159, range 74. At the time of his death he was also possessed of personal property of the value of $1,000. The value of the real estate was approximately $8,000 at the time the account in question was filed against the estate, and such real estate was shown by the inventory in the year 1903 to be worth $3,500. On the 27th day of February, 1903, Emma McDonnell was appointed as the administratrix of the estate of John A. McDonnell, who died intestate, and ever since has been and now is such administratrix. As such administratrix she gave a bond with sufficient sureties as required by law in the sum of $5,000 for the faithful execution of her duties as such administratrix. Between the 1st day of November, 1905, and the 30th day of November, 1906, it is claimed by James A. Tyvand that she purchased as such administratrix from said Tyvand goods, wares, and merchandise in the sum of $591.49, the claim for which against such estate was presented to said administratrix on the 28th day of March, 1907, and allowed by an indorsement in writing thereon by said Emma McDonnell, administratrix. On the 29th day of March, 1907, said allowance was confirmed and said claim approved by the Honorable John H. Kirk, then judge of the probate court of Bottineau county. Said Emma McDonnell was ordered to appear in the county court and account for the property which had come into her hands as such administratrix, and further notified that upon such accounting, if the petitioner for such accounting, who is this respondent, should show himself entitled to the payment of the said $591.49, a peremptory decree would be made ordering said Emma McDonnell, as such administratrix of the estate of John A. McDonnell, to make immediate payment of the said sum; and notifying the appellant further that the court would also authorize this respondent to bring an action upon the bonds of said administratrix against her and her sureties for the amount of said claim and interest thereon. Upon such accounting being had, the county court made an order that in the event of the nonpayment of the said sum of $591.49 and interest since March 28, 1907, the respondent might bring an action against

the principal and sureties on the bonds and the undertaking of the said Emma McDonnell for the purpose of recovering from the said principal, Emma McDonnell, and her sureties upon the bonds, as such administratrix, the sum of $591.49, with interest thereon at the rate of 7 per cent per annum from March 28, 1907. An appeal was taken from such order to the district court, and, upon proceedings had in such district court, a judgment was ultimately entered, from which this appeal is taken.

It further appears that, in the course of the probating of such estate, notice to creditors under the statute was completed May 1, 1903. The same was filed on October 2, 1903, and an order was entered adjudging that due and legal notice to creditors had been given in the manner, for the purposes, and the period required by law and prescribed by the court. The judgment of the district court was substantially the same as the judgment of the county court.

It is sought in this case to charge the estate of John A. McDonnell, deceased, with a debt which did not exist at the time of his decease, but which it is claimed by Tyvand was contracted by the administratrix in her representative capacity about two years after her husband's decease. The owner of such claim, Tyvand, seeks to charge such estate with such claim on the theory that it is a proper charge on account of it being for necessaries furnished for the support of the family of the deceased, while the estate was being settled, and when such estate was solvent.

Section 8730, Compiled Laws of 1913, provides what debts are chargeable against the property of the decedent. Such section, after deducting the homestead exemption and personal property set aside for the surviving wife or husband and minor child or children, says that the remainder of such property shall be chargeable with the payment of the *debts of the deceased, the expenses of administration, and the allowance to the family,* and further provides that the property, both real and personal, may be sold as the court may direct in the manner prescribed by law.

Under § 8723 of the Compiled Laws of 1913, upon the death of either husband or wife, the survivor, as long as he or she does not again marry, may continue to possess and occupy the whole homestead as defined in § 5605 of the Civil Code. Such homestead shall not be subject to the

payment of any debts or liabilities contracted or existing against the husband or wife, or either of them, previous to or at the time of the death of such husband or wife, so that the homestead, the northwest quarter of section twenty-six, township one hundred fifty-nine, range seventy-four, of the approximate value of $4,800, need not be considered as any part of the estate so far as the payment of debts are concerned. Section 8725 of the Compiled Laws of 1913 provides that there shall also be set apart absolutely to the surviving wife or husband, or minor children, all the personal property of the testator or intestate which would be exempt from execution if he were living, including all property absolutely exempt, and other property selected by the person or persons entitled thereto to the amount and of the value of $1,500 according to the appraisement, and such property shall not be liable for any prior debt of the decedent except necessary charges of his last sickness and funeral, and expenses of administration, and only then when there are no other assets available for the payment of such charges.

Personal property thus set apart becomes the absolute property of the surviving widow and children. Fore v. Fore, 2 N. D. 260, 50 N. W. 712. In the case at bar there was only $1,000 of personal property, all of which was set aside or should have been set aside by the court to the surviving widow as exempt. Section 8725 is mandatory, and, after the inventory and appraisement of the personal property, the amount specified in said section as exempt must be set aside for the surviving wife or husband or minor children as an exemption which in no manner can become liable to execution or otherwise for the payment of the debts as provided in said section. In the case at bar the total value of the homestead, and the full amount of exempt personal property, being deducted from the whole estate, would leave the amount of property subject to the payment of the debts of the deceased, the expense of administration, and the allowance to the family, if any.

Section 8727, Compiled Laws of 1913, provides: "If the amount so set apart [that is, the homestead and the personal property in the sum of fifteen hundred dollars] is insufficient for the support of the widow and children, or either, and there is other estate of the decedent, the court may in its discretion order such reasonable allowance . . . for the maintenance of the family according to their circumstances *during the progress of the settlement of the estate.*" It is under this section

that Tyvand seeks to recover, claiming he furnished necessaries for the support of such family, and makes claim against the estate.

Every direction entered of record or given in writing by a county court, and not included in a decree, is styled an order. There are two kinds of orders a county court may make in the exercise of probate jurisdiction: First, orders which are based upon, and *must* be based upon, a written application; second, orders which such court may make at its discretion or on its own motion without any written application. See § 8581, Compiled Laws of 1913. In this case Tyvand presented a bill for $591.49 to the administratrix for what he claimed to be necessaries for the support of the administratrix and her children, and she as such administratrix approved such bill for necessaries for the support of herself and children, and the same was also approved by the county court and allowed by the order of such court as a claim against the estate. Such order of the county court allowing such claim was a discretionary order, and such allowance by the county court became a preferred claim against the estate and had preference of payment to all other claims against the estate, except funeral charges or expenses of administration. Section 8727, Compiled Laws of 1913, is as follows: "If the amount so set apart is insufficient for the support of the widow and children or either [of them] and there is other estate of the decedent, *the court may in its discretion order such reasonable allowance out of the estate as shall be necessary for the maintenance of the family according to their circumstances during the progress of the settlement of the estate,* which in case of an insolvent estate must not be longer than one year after granting letters testamentary or of administration."

Section 8728 of the Compiled Laws of 1913 provides that "any allowance made by the court in accordance with the preceding section must be paid in preference to all other charges except funeral charges or expenses of administration, *and any such allowance whenever made may in the discretion of the court take effect from the death of the decedent.*" It is seen, therefore, that the order which the county court made allowing such claim, or in other words, making such allowance for the support of the widow and children, that is, for the necessaries of life with which they were furnished, was a discretionary order. The court could make such order at any time that it appealed to his discretion that it was proper and right that he should do so, and without any applica-

tion in writing having previously been made for such order; and when the court exercised its discretion and made such order for such allowance, it constituted a preferred claim which was payable out of the remainder of such estate exclusive of all exemptions. The language of § 8728 of the Compiled Laws of 1913 is exceedingly broad, and gives the county court very extensive discretion as to the time of making an order effecting the allowance. Particular attention is drawn to these words in such section: "And any such allowance *whenever made* may in the discretion of the court take effect from the death of the decedent." It would appear, therefore, that the county court could make such order whenever in its discretion it saw fit at any time during the progress of the settlement of the estate. The court, therefore, could make such an order after the time limited for filing claims against the estate had expired, and the same, being a valid order and one which the court had authority to make under the law, would be effective. The court had the power in the exercise of its discretion under § 8728, Compiled Laws of 1913, to order such allowance to take effect from the death of the decedent. The court thus having the power to make the claim for the allowance take effect from the death of the decedent, it may be assumed the court exercised such power in a valid manner and in a manner so as to make such order effective.

The merchandise in question was purchased by Emma McDonnell while she was administratrix, between November, 1905, and the latter part of November, 1906, and while she was engaged in running an hotel at Barton, North Dakota, most of which time, however, she had her children with her, and was caring for them, and furnished them the necessities of life. The testimony shows that a good share of the merchandise so purchased was paid for in cash. We think the testimony, all considered, fairly shows that a good share of such merchandise was used by the widow, who was the administratrix, in support of herself and seven children. She afterwards allowed, as such administratrix, the claim against the estate for such merchandise described in the account, and the allowance was affirmed and the claim approved by the written order of John H. Kirk, judge of the county court of Bottineau county, on the 30th day of March, 1907. In this connection it may be said that no exception having been taken to the allowance of such claim at the time it was filed, and no appeal having been taken from the

37 N. D.—17.

allowance of such claim within the time prescribed by law for such appeals, it would seem that such order had become final.

The court having had jurisdiction to order the payment of such claim, and the order being a discretionary one, it should not be disturbed.

In view of the law relating to allowances for the support of the widow and children, we think the judgment of the District Court was proper, and the judgment of the District Court is in all things affirmed, with costs:

ROBINSON, J. (concurring).  In this case it appears that in February, 1903, the defendant was appointed administratrix of the estate of her deceased husband by order of the county court of Bottineau county, and between November 1, 1905, and November 30, 1906, the plaintiff advanced and furnished to the defendant goods, wares, and merchandise to the amount of $591.41 for the use of herself and family during that time.  She received and accepted the same as a family allowance, and as such the same was duly allowed by order of the county court of Bottineau county on the 28th of March, 1907, and by said court it was duly ordered and adjudged that the defendant pay the same from said estate, and that in case of nonpayment the plaintiff may proceed by action against said administratrix and against the surety on her bond, and on appeal to the district court the judgment of the county court was duly affirmed in June, 1916.

By statute it is provided that the county court may, in its discretion, order such a reasonable allowance out of the estate as shall appear to be necessary for the maintenance of the family during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after the granting of letters testamentary.  When the allowance in question was made, the estate was perfectly solvent; and the county court had ample jurisdiction and discretion to make such an allowance.  The law allows it and the court awards it.

"The allowance is for the maintenance of the family during the progress of administration, and the maintenance of the family includes keeping its members together and preserving the home relations, as well as merely supplying food, raiment, education, and other like needs."

"No notice of application for the allowance is requisite, and the

court may make the order of its own motion. The right of a widow to a family allowance is one strongly favored, and statutes conferring it are construed with liberality." Though it might have been more regular for the court to have made an order allowing the groceries and family supplies in advance of the furnishing of the same, the result of the subsequent order was just the same as if the order had been previously made. The allowance was in truth an allowance made to the widow herself for the support of herself and her family. It gave her the right, and made it her duty, to pay for such support from the property of the estate. The order was made in her favor against an estate which was perfectly solvent, and the law respects form less than substance.