JACOB HERR, Jr., Petitioner and Appellant, v. AUGUST W. HERR, Christian J. Herr, Christina Koth, Gottlieb Herr, Katharina Herr, Friedrich Herr, Edward Herr, Magdalena Herr, August Herr, Daniel Herr, Julius Herr, Bertha Herr, Gedion Herr, John Herr, Alvin Pudwill, Appellants, and SUSANNA MUNSCH HERR, Respondent.

(178 N. W. 443.)

**Executors and administrators — wife's antenuptial agreement held not to deprive her of statutory exemptions.**

Jacob Herr and Susanna Munsch Herr, prior to the time of their marriage, entered into a written antenuptial agreement, the validity of which for the purposes of this action is assumed but not decided, whereby she agreed that,

in case of his death prior to hers, she should receive out of his estate the use of the homestead during her life, and the sum of $2,000 and no more. *Held*, for reasons stated in the opinion, that, she is not thereby precluded from claiming or taking her exemptions under § 8725, Comp. Laws 1913, but, notwithstanding such agreement, she is entitled to such exemptions.

Opinion filed June 9, 1920.

Appeal from a judgment of the District Court of McIntosh County, *F. P. Allen*, J.

Affirmed.

*H. W. Platt, G. M. Gannon,* and *A. A. Ludwigs,* for appellant.

An intended wife may, by an antenuptial agreement, release her claim or right to the statutory allowance given to widows out of their deceased husband's estate. 13 R. C. L. 1013; Kroell v. Kroell, 219 Ill. 105; Houghton v. Houghton, 14 Ind. 505; Rieger v. Schnaible, 81 Neb. 33.

The homestead right of one spouse in the real estate of the other, on the latter's death, may be barred by antenuptial contract. 13 R. C. L. 1014; Appleby v. Appleby, 100 Minn. 408.

If the husband was induced to contract the marriage on the strength of the wife's signature to an antenuptial contract, fairly obtained from her, she should be compelled to execute the agreement, and be estopped from claiming further out of her deceased husband's estate than is provided in the contract. Zachmann v. Zachmann, 201 Ill. 330, 94 Am. St. Rep. 180; Kroell v. Kroell, 219 Ill. 105, 76 N. E. 63; 16 Cyc. 390.

It is the cardinal principle that marriage settlements, executory in their nature, ought to be construed and molded in equity according to the intention of the parties citing. Brown v. Slater, 16 Conn. 192, 41 Am. Dec. 136; May v. May, 7 Fla. 207, 68 Am. Dec. 431; Collins v. Phillips, 259 Ill. 405; McLeod v. Board, 30 Tex. 238, 94 Am. Dec. 301; Bank of Greensboro v. Chambers, 30 Grat. 202, 32 Am. Rep. 661; Diller v. Diller, 141 Wis. 255, 124 N. W. 278.

*I. A. Mackoff, John E. Burke,* and *W. S. Lauder,* for respondents.

It is the public policy of this state that wholesome exemption laws shall be enacted for the benefit of widows, orphans, and the poor and unfortunate generally. N. D. Const. § 208, Comp. Laws 1913, §§ 7729–7743.

"The waiver of a right of exemption before the appropriate time for claiming it is absolutely void." 9 Cyc. 480; Maxwell v. Reed, 7 Wis. 582; Crum v. Sawyer, 132 Ill. 466, 24 N. E. 956; Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67; Arnegaard v. Arnegaard, 7 N. D. 475; Meyer v. Meyer (S. D.) 127 N. W. 596; Wentworth v. Wentworth, 69 Mo. 247; Mahaffey v. Mahaffey (Iowa) 17 N. W. 46; Re Deller (Wis.) 25 L.R.A.(N.S.) 751 and note; Riggs v. Sterling, 60 Mich. 643, 27 N. W. 705.

Exemption laws manifest a public policy, and therefore all contracts whereby the benefits accruing under such laws are waived are held to be absolutely void. Kneetle v. Newcomb, 22 N. Y. 249; Curtis v. O'Brien, 20 Iowa, 376; Moxley v. Ragan, 10 Bush, 156; Maxwell v. Reed, 7 Wis. 582; 18 Cyc. p. 1450 and cases cited under note 31; Thompson, Homesteads & Exemptions, § 440.

GRACE, J. This is an action to determine the validity of the judgment appealed from, which set aside to Susanna Munsch Herr, the widow of Jacob Herr, Sr., certain exemptions in the sum of $1,500 claimed under Comp. Laws 1913, § 8725.

The material facts, briefly stated, are as follows: Jacob Herr, Sr., died at Wishek, McIntosh county, North Dakota, on the 11th day of December, 1916. At the time of his death he was a resident of that county, and owned real and personal property therein, which, according to the appraisement thereof in the probate proceedings had, aggregated the sum of $48,000; and the probability is that it was worth considerable more. There survived the decedent, his widow, Susanna Munsch Herr, and several children and grandchildren, whose names appear in the title of the action, none of which children, however, are the offspring of the decedent and his surviving wife, but are the issue of each by former marriages. Jacob Herr, Sr., and Susanna Munsch Herr, were married July 17, 1913. On that day, and prior to their marriage, they signed a written agreement, which purports to be an antenuptial contract. The parties to this action stipulated that, for the purposes of this proceeding (which is one brought to have the exemptions specified in § 8725 set aside), and for no other purpose, that the antenuptial contract might be considered a binding one. The validity of the contract is in no way determined herein. That question is

not in fact, involved in this action, except as the contract is assumed to be legal for the purpose of determining the question with reference to the exemptions under the section above mentioned. It is conceded that Jacob Herr, Sr., and Susanna Munsch Herr, on the day of the marriage and before the consummation of the same, signed a written instrument denominated an antenuptial contract, which, in substance, provided that neither party should take any right, title, or interest in the property of the other; that at the time of their respective deaths the property of each should vest in the respective heirs of each; that neither should take property or property rights in the property of the other; that during the time they lived together as husband and wife they would mutually share and enjoy the rents and profits of their property; that in the event the husband should die first, the surviving wife should have the right of occupancy of the homestead, and, in addition thereto, received $2,000 in cash, and no more. Since the death of her husband the widow has continued to occupy the homestead, although the same has not been formally set aside to her by the order of the county court. It is claimed by the appellant that the administrator has tendered to the surviving widow the $2,000 mentioned in the contract. She denied this, and claims that the tender was conditional on her releasing all further claim upon her deceased husband's estate, which she refused to do. She maintains that under the law she is entitled unconditionally to the exemption claimed, and that, to have the same set apart to her, she was not required, as a condition precedent, to surrender any other right that she might possess. It is claimed by appellants that the surviving widow's separate property amounted to $2,900. She maintains that it is not more than $500. The amount thereof is immaterial to a decision of this case. At the time of the marriage Jacob Herr, Sr., was an old man and she was about sixty years of age. The sole question presented in this case is: Was it error in the district court to hold, as it did, that the wife, by signing the antenuptial contract, is not estopped to claim exemptions under the section above mentioned, and that she in no manner thereby waived them? We are of the opinion that the court did not err in this regard.

The actual validity of the antenuptial contract not, in fact, being a real issue in this case, other than for the purpose of determining the exemptions to which the surviving widow is entitled, it is not necessary

to enter into a discussion of the same further than to state whether or not an antenuptial contract is valid depends largely, if not altogether, on the attendant circumstances and conditions under which it is executed. If it is fair, reasonable, equitable, and just and in no way contravenes public policy, and it is fairly entered into, each having knowledge of its contents and knowledge of each other's property, we think that it might be legally entered into, and thus be a binding obligation of the parties. However, if it be conceded that such a contract is entered into and is valid, and that each of the parties is bound thereby, it does not dispose of the question of exemptions to which either is entitled in the other's property, by reason of the exemption laws. As we view the matter, that part of one's property which, after his death, the law sets aside as an exemption to those dependent upon him, as in this case his surviving wife, is no part of the property which passes by descent and distribution. The law, so to speak, reserves the exemptions out of his property, and it is the duty of the court, under the law, to set those exemptions aside to those entitled to them. The purpose of the exemption law is to set aside a certain portion of decedent's property for the use and benefit of those entitled to it, in order that they may not become dependent; that they may have support sufficient to provide them for a time with the necessities of life, and for the further purpose that they may not become a public charge to the state, thus perhaps imposing unnecessary burdens on it. As we view it, it is entirely unnecessary to lengthen the discussion of the subject and purpose of exemptions. They are understood, and need no elaboration. We have no hesitancy in stating, as this court has often heretofore stated, that § 8725 is an exemption statute. That and other exemption statutes have been so fully discussed, and construed in very recent decisions of this court, that further discussion here would be superfluous, and it is sufficient here to merely refer to those decisions, among which are: Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912; Fischer v. Dolwig, 39 N. D. 161, 166 N. W. 793; Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524. The question of exemptions was under consideration in each of the foregoing cases and was quite fully discussed and analyzed; but in the last case above cited, the exemption statutes, including § 8725, are set forth and are fully discussed and definite conclusions reached in regard to each. The purposes and intent of those stat-

utes, as well as the public policy upon which they rest, is also there fully and fairly discussed, and we think the decision therein reached by a majority of this court, and in each of the other cases to which reference has just been made, is decisive of the question at issue in this case, and further discussion of the subject, in view of these decisions, would be neither beneficial nor useful.

The judgment entered in this case was proper and right, and should be affirmed, and it is affirmed.

The respondent is entitled to costs and disbursements on appeal.

ROBINSON, J., concurs.

BIRDZELL, J. I concur, but express no opinion on the amount of the statutory exemption.

BRONSON, J. (specially concurring). For purposes of this appeal the validity of the antenuptial contract is not questioned. The question presented solely involves the right of the widow to receive $1,500, as a statutory widow's exemption, by reason of such antenuptial contract. I am of the opinion that, even though this antenuptial contract, by its terms, should be construed to apply to this statutory widow's exemption of $1,500, it is unenforceable for reasons of public policy, concerning such statutory exemption of $1,500. The judgment of the trial court should be affirmed.

CHRISTIANSON, Ch. J., concurs.