BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.

---

CHRIST BERTSCH Jr., Appellant, v. HATTIE CLOOTEN, Walter Clooten, Francis Clooten, Mabel Clooten Small, and Joseph Clooten, Respondents.

(200 N. W. 904.)

**Executors and administrators — property to be set apart to surviving wife, husband, or minor children held not subject to distribution to heirs or devisees.**

Under § 8725, Comp. Laws, 1913, it is the duty of the County Court to set

apart "to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution, if he were living, including all property absolutely exempt and other property selected by the person or persons entitled thereto to the amount in value of fifteen hundred dollars according to the appraisement;" and the property so set apart does not belong to the assets of the estate to be distributed to the heirs of the decedent or to devisees under his will.

Opinion filed November 17, 1924.

Executors and Administrators, 23 C. J. § 357 p. 1149 n. **2**.

Appeal from the District Court of Burleigh County, *Jansonius, J.*

Application by Hattie Clooten surviving wife of Peter Clooten to have set part to her the property specified in § 8725, Comp. Laws 1913. Affirmed.

*F. E. McCurdy,* for appellant.

We are clear that the statute under consideration, § 8725, Compiled Laws of 1913, is an exemption statute, and not a statute of inheritance. Krumenacker v. Andis, 38 N. D. 500.

*Sullivan, Hanley & Sullivan,* for respondent.

As we have seen our exemption of personalties are usually liberal, and these exemptions go to the family of a decedent and cannot be disposed of by will or taken for debts except where there are no other assets available for the payment of expenses for decedent's last illness, funeral expenses and expenses of administration. Fore v. Fore, 2 N. D. 260, 50 N. W. 712; Wood v. Teeson, 31 N. D. 610, 154 N. W. 797, 36 N. D. 611, 163 N. W. 912.

And as it has well been settled in our State that the property which after the death of one of the members, the law sets aside, such property is an exemption to those that are dependent upon him, as in this case the surviving wife and that no part of such property passes by descent and distribution and that the only functions that the Court performs in connection therewith is the setting aside and apart of such property to the widow. Herr v. Herr, 45 N. D. 492, 178 N. W. 443; Fischer v. Dolwig, 39 N. D. 161, 166 N. W. 793.

It is true that in this state Dower rights do not obtain. The husband by his Will might have excluded the wife from any participation in

his estate excepting the statutory allowances and exemptions. Charlson v. Charlson, 187 N. W. 418.

Testamentary provisions cannot of themselves interfere with the statutory right of the widow or children to support out of the estate and hence a Will disposing of all of the testator's estate and making no provision for the widow, cannot affect her right to the statutory allowances, but in such case she may claim her allowance or exemption without descending from the Will. 24 C. J. 253, p. 813.

While it has been held that if a widow elects to accept provisions made for her in the decedent's Will, she cannot claim her statutory allowance, but the more general view is that the widow is entitled to her statutory allowance in addition to any provision made for her by the Will even though such provision is in lieu of Dower of similar rights. 24 C. J. 253, p. 814.

CHRISTIANSON, J. This proceeding originated in the county court of Burleigh County. One, Peter Clooten, devised all of his property, both real and personal, to his children, with exception of the homestead which he devised to his wife, Hattie Clooten. The will was duly admitted to probate and the executor, therein named, qualified and entered upon the discharge of his duties. In due time the said Hattie Clooten asked that the $1500.00 personal property exemption provided by § 8725, Comp. Laws 1913, be set aside to her. The executor refused the request. The matter was thereupon presented to the County Court. That court sustained the executor and ruled that the respondent was not entitled to such exemption. She appealed to the district court. That court reversed the county court and ordered the exemption set aside. The executor has appealed to this court from the decision of the district court.

In our opinion the decision of the district court is correct and must be affirmed.

Section 8725, Comp. Laws 1913 provides: "There shall be set apart absolutely to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution, if he were living, including all property absolutely exempt and other property selected by the person or persons entitled thereto to the amount in value of fifteen hundred dollars according to the

appraisement and such property shall not be liable for any prior debt of the decedent except the necessary charges of his last sickness and funeral and expenses of the administration when there are no other assets available for the payment of such charges."

Appellant admits that this section entitles "the surviving wife or husband or minor children" to claim and receive the amount of property specified free and clear of all claims of creditors of the decedent; but he contends that the section has no application whatever as against heirs or devisees under a will. In other words, appellant contends that the surviving wife or husband or minor children are not entitled to have set apart or receive the property mentioned in § 8725, supra, as against the claims of heirs or as against the claims of devisees under a will. In our opinion appellant's contention is untenable, and contrary to the construction this court has heretofore placed upon the section in question. Section 8725, supra, does not purport merely to exempt certain property from the claims of creditors of the decedent. The first portion of the section is a positive command that "there shall . . . be set apart absolutely to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution if he were living . . . to the amount in value of $1500.00 according to the appraisement. . . ." This language seems to leave no room for interpretation. It is all inclusive. It applies as well where there is a will as where a party dies intestate. In all cases the property specified is required to "be set apart absolutely to the surviving wife or husband or minor children." This section was first construed by this court in Fore v. Fore, 2 N. D. 260, 50 N. W. 712. In that case this court held that under this section "it is the duty of the probate court to set apart, for the use of the family of the decedent, personal property . . . not to exceed in value the sum of $1500.00, *and the property so set apart does not belong to the assets of the estate to be distributed to the heirs of the decedent.*" (Par. 1. Syllabus, 2 N. D. 260, 50 N. W. 712.)

The question was again considered in Herr v. Herr, 45 N. D. 492, 178 N. W. 443. That case involved an antenuptial agreement, by the terms of which the wife purported to waive all right to succeed to her husband's property in case of his death prior to that of the wife. This court held that this agreement did not preclude the surviving wife from

claiming and receiving the property directed to be set apart to her by § 8725, supra.

The same question was again considered in Charlson v. Charlson, 48 N. D. 851, 187 N. W. 418. That was an action to set aside an antenuptial and a postnuptial agreement, and a final decree of distribution, on the ground of fraud. In the opinion in that case this court said: "The husband by his will might have excluded the wife from any participation in his estate *excepting the statutory allowances and exemptions.*" (187 N. W. 419.)

In our opinion the statute was correctly construed in these former decisions, and we see no reason to depart from the rule there announced. Judgment affirmed.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.